HENRY SEWELL, plaintiff in error, *vs.* ALEXANDER P. SMITH *et al.*, defendants in error.

Where a widow was entitled to dower or a child's part in certain land, and she remained in possession of the same until long after her right to dower was barred, without making any election, the legal presumption is that she elected to take a child's part, and this is especially true where such course was manifestly the most beneficial to her interest.

Dower. Distribution. Election. Presumption. Before Judge RICE. Hall Superior Court. March Term, 1875.

This case is reported in the decision.

JOHN W. O'NEAL; H. P. BELL, for plaintiff in error.

JASPER N. DORSEY, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that B. A. Smith died in the year 1850, leaving his widow and two children as his heirs-at-law. In 1851, Smith's widow intermarried with Henry Sewell, by whom she had several children, and died in February, 1873. At the time of Smith's death he was the owner of a lot of land in Hall county, and died in the possession thereof. There was no administrator on Smith's estate. After the death of Smith, his widow continued in possession of the lot of land until her intermarriage with Sewell, who, with her, has remained in possession of the same up to the time of her death in 1873. After the death of their mother, the plaintiffs, as the children and heirs-at-law of Smith, brought an action against Sewell to recover the possession of the lot of land, and the question made on the trial was, whether Mrs. Smith, afterwards Mrs. Sewell, held the land under her

claim of dower ás the widow of her first husband, or whether she was to be considered, under the facts of the case, as having made her election to take a child's part of the land. The court held that she was entitled to dower only in the land which estate terminated with her death, and so instructed the jury. Whereupon the defendant excepted.

There is no affirmative evidence in the record that the widow ever made her election to take her dower, or a child's part in the land. That she was entitled to one or the other, there can be no doubt. If she had elected to take a child's part, there being two children, she would have got one-third of the land, and if she had elected to have taken her dower, she would have got no more; the only difference is, that in the one case, she would have had a fee simple title to a child's part of the land, and in the other, an estate for life only in one-third part of it. By the 1764th section of the Code, it is declared that the widow's dower may be barred by her failure to apply for the dower for seven years from the *death* of the husband : See also the act of 1839, which was of force at the time of the death of Smith. Smith, the husband, died in 1850, and his widow has never made her application for the dower in his land; she was therefore clearly barred of her right to claim dower therein at the time of her death in 1873. She having remained in possession of the land until the time of her death, and for a long time after her right to dower in it was barred, without having made any application therefor, the fair legal presumption is, under the facts of the case, that she had elected to take a child's part of the land, which was most beneficial to her interest, although no formal election, independent of her acts and conduct, was shown. That she did not intend to claim her dower in the land, is clearly manifested by her failure to make application for it within the time allowed by law, and therefore she is to be considered as having held the land under her right to a child's part thereof, and her acts and conduct will be considered as an election on her part to that effect, in view of the facts of the case.

Let the judgment of the court below be reversed.