ALLEN SLOAN, guardian, plaintiff in error, *vs.* ALLEN B. WHITAKER, defendant in error.

A widow whose apparent interest it was to take a child's part in lieu of dower, and to whom, by division made substantially in the mode prescribed by law for dividing estates in kind, was assigned a child's part of her late husband's realty as well as personalty, which she accepted and appropriated, may, after her death, be presumed to have elected against her dower in due time (nothing to the contrary appearing), though no steps for making the division were taken until after the time for so electing had expired.

Administrators and Executors. Distribution. Presumptions. Dower. Before Judge Wright. Decatur Superior Court. May Term, 1876.

Allen Sloan, as guardian of Eolian A. Sloan, brought ejectment against Allen B. Whitaker for fifty acres of lot of land three hundred and eighty, in the 15th district of Decatur county. The defendant pleaded the general issue. The evidence disclosed the following facts:

The lot in dispute was owned by one Samuel Sloan at the time of his death in 1856. He left a widow and one child. Plaintiff administered upon his estate and became guardian of his child. The widow, soon after the death of her husband, intermarried with one Barton, and subsequently died, before the commencement of this suit. On December 10th, 1858, it was agreed between the plaintiff and Barton and wife, that the ordinary, on application of the administrator, should appoint appraisers to divide the estate, real and personal, between the said distributees, and the notice required by law was waived. Commissioners were accordingly appointed and the division made, by which the land in controversy was set apart to Mrs. Barton. She sold to Whitaker.

The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds, to-wit:

1. Because the court refused to charge the jury as follows: "The law, by death of Samuel Sloan, having vested the title in his heir, Eolian A. Sloan, it is incumbent upon defendant to show title out of the heir of Samuel Sloan."

2. Because the court erred in charging as follows: "If the evidence shows that there was a division of the land, after the time allowed by law for the widow to elect to take a child's part had elapsed, the fact of that division raised the presumption that the widow had elected, in her own mind, to take a child's part, and the law presumes she did so before the expiration of the time allowed by law, and made it incumbent upon the plaintiff to rebut the presump-

tion by evidence that the widow had not so elected to take a child's part before the time allowed by law had elapsed."

. 3. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the plaintiff excepted.

Bower & Crawford, for plaintiff in error.

No appearance for defendant.

Bleckley, Judge.

Where the intestate died in 1856, leaving only a widow and a minor child, and administration was granted on his estate in the same year; and where, in 1858, his estate, real and personal, was divided, in kind, equally between the widow and child, by commissioners appointed by the ordinary on the application of the administrator, both the widow and the guardian of the child consenting to the order of appointment, the widow, after her death, is to be presumed to have made her election in due time to take a child's part in lieu of dower, nothing to the contrary appearing in the evidence, and she having accepted and appropriated the land assigned to her in the division.

Not only may it be supposed that the widow elected in her own mind against dower, but that she communicated that election in proper time to the ordinary and the administrator. How else can their conduct be accounted for? The ordinary, acting officially, appointed commissioners to divide the whole estate. The administrator petitioned the ordinary to make the appointment. If the widow had not renounced dower, and if they had not known she had done so, the ordinary should not have granted, nor should the administrator have moved for, an order to divide the realty. The division which they both contemplated must have been the very one which the commissioners proceeded to make, namely, an equal division, and not the laying off of dower. The superior court, not the ordinary, had jurisdiction of

dower. On the other hand, the ordinary alone had power to raise a commission to divide equally, and distribute the estate in kind. The law of division, and not the law of dower, was administered. Besides, as there were (including herself) but two to take as heirs or distributees, it is probable that it was greatly to the widow's interest to elect against dower; thus taking a half of the realty in fee simple, in place of one third of the same realty for life only. This consideration tends to strengthen the presumption that she made her election while she had a right to make it—54 *Ga.*, 567; compare 9 *Ib.*, 189; 21 *Ib.*, 161.

Judgment affirmed.