BROWN *et al. vs.* CANTRELL *et al.*

62 257
93 689

1. Declarations accompanying possession, and serving to explain or give character to the same, are admissible as a part of the *res gestæ.* Verbal claim of ownership by the occupant of the premises, made pending his actual holding, is admissible evidence, though his entry was originally without claim of right.

2. If a widow, during the time within which she has the privilege of electing against dower, sells the whole of her deceased husband's land, or an estate in it beyond the term of her own life, her election is made, and her conveyance will pass her distributive share. The

purchaser will be a part owner with the children of the intestate, and in a contest with them, will be treated as deriving his title from the same source.

*Res.gestæ.* Evidence. Dower. Election. Before Judge UNDERWOOD. Fannin Superior Court. May Adjourned Term, 1878.

Reported in the opinion.

WIER BOYD, for plaintiffs in error.

W. T. DAY; THOMAS F. GREER, for defendants.

BLECKLEY, Justice.

Brown and wife brought against Cantrell and Tanner complaint for one undivided half of a tract of land, containing one hundred and sixty acres. The abstract of title annexed to the declaration was a brief statement, to the effect that Mrs. Brown was the only surviving child and heir at law of Warren, who died seized and possessed of the premises, leaving a widow, who "heired" the other undivided half. By an amendment to their declaration, the plaintiffs alleged that they were owners of the whole tract, by inheritance from Warren, and that the defendants had possession of the whole, etc. At the trial Brown, one of the plaintiffs, was the only witness. Besides proving the *locus in quo*, the value for rent, etc., he testified that Warren, the father of Mrs. Brown, went into possession of the tract of land in the fall of 1865, but did not claim it; that he went on it without claim of right; that he remained about eight years, and died in possession; that he cleared some twelve or fifteen acres, and built two cabins; that his widow retained possession until she removed to another neighborhood, where she died in 1876; that Cantrell, one of the defendants, went into possession in 1875, and said he bought from the widow on a credit of five years, the agreed price being seventy-five bushels of corn; that the value of the

land was one dollar per acre; that Mrs. Brown was the daughter of Warren, and the only child left by him; and that no administration had ever been granted upon Warren's estate. Counsel for the plaintiffs asked the witness to state, whether or not Warren, by his sayings, claimed the land as his own in his lifetime, while he was in possession. On objection by defendants' counsel, the court rejected the answer, holding that the claim, if any, might be shown by acts, such as entering upon the land, and using it as owners usually do. The plaintiffs closed; and the court ordered a non-suit, on the ground that no title sufficient to authorize a recovery had been made to appear.

1. Declarations accompanying possession, and serving to explain or give character to the same, are admissible as a part of the *res gestœ.* Verbal claim of ownership by the occupant of premises, made pending his actual holding, is admissible evidence, though his entry was originally without claim of right.

2. Under the evidence above recited, if the ancestor Warren, died in possession claiming the premises as his own, and if his widow, continuing his possession, sold to the defendant Cantrell, no title appearing in her other than that derived by operation of law from her deceased husband, then both parties claim under him, and the plaintiffs would be entitled to recover from Cantrell one undivided half of the premises, but no more. The widow's sale to the defendant should be construed as an election by her not to take dower, that is, if her sale, as may be presumed, embraced more than a dower interest, and, so electing, she would be competent to pass title, as against the plaintiffs, to one undivided half of the land, being a child's part. If a widow, during the time within which she has the privilege of electing against dower, sells the whole of her deceased husband's land, or an estate in it beyond the term of her own life, her election is made, and her conveyance will pass her distributive share. The purchaser will be a part owner with the children of the intestate, and in a contest with them,

will be treated as deriving his title from the same source. For error of the court in excluding the sayings of Warren explanatory of his possession, the case is remanded to be tried over.

Cited by counsel, 3 *Ga.*, 108; 5 *Ib.*, 39; 30 *Ib.*, 652; 41 *Ib.*, 42; 12 *Ib.*, 472; 7 *Ib.*, 389 to 391; 21 *Ib.*, 454; 20 *Ib.*, 312 to 324; 35 *Ib.*, 139 to 142; Code, §§3773, 3774, 2679, 3366.

Judgment reversed.