### ROUNTREE et al., executors, v. GAULDEN.

1. When it appears that the widow, who was entitled either to dower or to a child's part in the real estate of her husband, dealt with an interest therein as if she were the absolute owner, such conduct will be sufficient to raise an inference that she had made an election to take a child's part in the time prescribed by law, and cast upon those seeking to show that she had not so elected the burden of showing that such an election had not taken place within such time. And this is true notwithstanding the widow may have made a mistake of law as to the interest she was entitled to, and claimed a one-sixth interest when she was really entitled to a one-fifth interest.

2. The admissions of a defendant in execution against his interest, before the pendency of litigation, are admissible in evidence in favor of either the claimant or the plaintiff in execution.

Submitted May 25,—Decided July 13, 1907.

Claim. Before Judge Mitchell. Brooks superior court. June 1, 1906.

The executors of Rountree obtained a judgment against Mrs. Jones, and caused the execution issuing thereon to be levied upon an undivided one-sixth interest in a described parcel of land. Gaulden interposed a claim. The case was submitted to the judge, without the intervention of a jury, who heard the same upon certain agreed facts and evidence, and rendered a judgment finding the property not subject. The plaintiffs in execution assign error upon this judgment, and also upon certain rulings upon the admissibility of testimony. It appeared from the evidence that Hardy E. Hunter, who died intestate in the year 1855, was, at the time of his death, the owner of the tract of land which was referred to in the levy; that he left surviving him a widow and five children; that his widow was appointed his administratrix, and in the year 1856 intermarried with Jones, who became the administrator; that Jones, as administrator, sold all of the lands of the intestate except the land referred to in the levy, and paid three of the children their interests as distributees in the proceeds of the sale, the receipts for such amounts being dated at different times during the year 1869. The testator of the plaintiffs in execution obtained a judgment against Mrs. Jones, who was the widow of Hunter, in 1881. The execution issued upon this judgment has been kept in life by proper entries, and is the execution levied in the present case. A witness testified that Mrs. Jones resided on the land described in the judgment when the same was obtained, and

47

lived there during the lifetime of her husband, Jones, and since his death. A deed was introduced in evidence, dated December 31, 1900, in which three children of Hunter and Mrs. Jones were the grantors and Hardy M. Hunter, another child, was the grantee; which recited that the parties to the deed being heirs at law of Hardy E. Hunter, and the parties of the first part having received their distributive shares of the estate, and the party of the second part not having been settled with, and only a small portion of the estate remaining, in consideration of these facts and of the sum of ten dollars, the grantors quitclaimed to the grantee all of their interest in the lot of land described in the levy. A deed from the grantee in the deed above referred to, to Gaulden, the claimant, dated January 11, 1901, upon a consideration of two thousand dollars, conveying the lot described in the levy, was also introduced. J. E. Hunter, a son of the defendant in execution, was examined by interrogatories. One of the interrogatories was as follows: "How much land did your father own at his death? Did she ever claim a child's part in any of those lands? What became of those lands? How much remained unsold by the administrator of your father's estate?" The witness answered: "About fifteen hundred acres, and my mother never claimed a child's part in any of it. All of this was sold by the administrator except the two hundred and five acres now held by Dr. S. S. Gaulden." This interrogatory and answer were objected to upon the ground that it was sought thereby to introduce secondary evidence as to the facts inquired about, and because the evidence was irrelevant and immaterial. In answer to the question as to why his mother and the children made a deed to H. M. Hunter, the witness said: "Because he had never received anything from the estate." This was objected to upon the ground that the evidence was irrelevant. The witness, in answer to another interrogatory, stated that William Jones had bought the land of the estate and badly managed it, and he heard his mother say that her husband had so squandered her first husband's estate that she did not feel that she was entitled to anything. This was also objected to upon the ground that it was immaterial and irrelevant. The evidence in the answer to the interrogatory above referred to was also objected to upon the ground that the witness admitted, in the answer to the interrogatory, that he derived his information from having heard his mother talk and

on account of his familiarity with the matters connected with the estate. The plaintiff in execution offered in evidence the answer of Mrs. Jones to an interrogatory propounded to her in another case, in which she said she had agreed to waive her right to dower and take a child's part in the estate of her first husband. Upon objection by counsel for claimant this evidence was ruled out. It was shown that the records of Lowndes County, which contained the record of the administration of Hunter's estate, had been destroyed by fire in 1868. Plaintiff in execution tendered in evidence the marriage settlement between William Jones, Martha Hunter, and James West, trustee, dated August 7, 1856, which recited that Martha Hunter was "entitled, as widow and heir" of the estate of Hardy Hunter, to a "one-sixth part of said estate," and no division having been made among the heirs and distributees, she, in consideration of the intended marriage, and of one dollar paid by said Jones, conveyed to West "her interest in the said estate of said Hardy Hunter, deceased, together with its increase, it being a one-sixth part of the property herein specified," but nevertheless upon certain trusts therein referred to. The land referred to in the levy was embraced in the property described in the marriage settlement. The trustee in the marriage settlement was to hold the property therein conveyed "upon the trusts and for the uses of the said William Jones during the joint lives of the said William Jones and Martha Hunter, his intended wife, and after the death of either of them, then of the survivor during the term of his or her natural life; and if either of them die having no issue living by the other, then to convey the said property to the survivor, forever, and if the said William Jones and Martha Hunter should both die having issue living of the said marriage, then in trust to convey said separate property to the said issue living at the time of the death of the survivor of them, share and share alike." It appeared from the evidence that William Jones was dead at the time of the levy. The court refused to admit the marriage settlement, and this ruling is assigned as error.

D. W. *Rountree* and W. H. *Griffin,* for plaintiffs.

J. G. *McCall* and *Stanley S. Bennet,* for defendant.

Cobb, P. J. (After stating the facts.)

1. Upon the death of the husband the wife is entitled to dower. She is permitted to take, however, in lieu of dower a child's share

in the estate. If she elects to take her dower, she has no further interest in the realty. If she elects to take a child's share, she is entitled to the share which a child would take, unless the shares exceed five in number, in which event she is entitled to a one-fifth part of the estate. Civil Code, § 3355. Her election to take a child's part of the real estate in lieu of dower must be exercised within twelve months from the grant of letters testamentary or of administration on the husband's estate. Civil Code, § 4689; *LaGrange Mills* v. *Kener*, 121 *Ga.* 429. There is no presumption of law that a widow will elect, or has elected, to take a child's part in the estate of her husband. *Jossey* v. *Brown*, 119 *Ga.* 758. It must affirmatively appear that she elected to take a child's part within the time prescribed by law. This may appear by an election in writing, duly signed, filed, and recorded in the office of the ordinary, but this is not the only method of proving the fact of such election. The fact of election may be shown by circumstances establishing the same, as well as by direct evidence. If the circumstances are such as to establish that an election has been made in time, it is as much affirmatively established as if there were direct evidence to that effect. The conduct of the widow in reference to the property of the estate of her husband may be looked to in determining whether an election has taken place. In *Sewell* v. *Smith*, 54 *Ga.* 567, it was held that where the widow remained in possession of land in which she was entitled to take either a dower or a child's part until long after her right to dower was barred, without making any formal election, there would be a presumption that she had elected to take a child's part, and this is especially true where such a course was most beneficial to her interests. In *Sloan* v. *Whitaker*, 58 *Ga.* 319, it was held that where a widow, whose apparent interest was to take a child's part in lieu of dower, was assigned a child's share of her husband's realty as well as personalty, which was accepted and appropriated, there would be a presumption after her death, until the contrary appeared, that she had elected to take a child's share in lieu of dower; and this was true though no steps for making the division were taken until after the time for making an election had expired. If the widow deals with an interest in the estate as her own, which she would not be entitled to except upon the theory that she had elected to take a child's share, the fact that she so

dealt with it is a circumstance to be considered in determining whether she had so elected. We think that the marriage settlement, in which Mrs. Jones dealt with the property in question as if it were her own and which could not be hers unless she had elected to take a child's share in the estate, was admissible on the question as to whether an election to take a child's share had been made by her. It is true that it does not appear that this marriage settlement was executed within twelve months from the date of the administration upon the former husband's estate, and that it does not appear that the other acts by the widow, tending to show an election, took place within twelve months; but the fact that she so dealt with it, even if it was after the expiration of such time, indicated that an election had taken place; and the evidence, taken as a whole, both that admitted and that rejected which could be properly admitted, was of such a character as to at least establish prima facie that an election had taken place. It was sufficient to cast the burden upon the claimant to disprove an election. But, it is said, she dealt with a one-sixth interest in the estate as her own, when, under the law, she was entitled to a one-fifth interest. That she made a mistake of law as to her interest does not alter the situation. She was entitled to no interest in the estate except dower or a child's share in fee. She made a mistake as to the quantum of her share in fee, but she was evidently dealing with the property as if she were the owner, and there is nothing in her conduct to indicate that there was any other intention on her part. If she was entitled to a one-fifth interest, and claimed, under a mistake of law, only a one-sixth, she would not lose that which she claimed simply because by the mistake she received less than the law allowed.

2. The admissions of the defendant in execution in a claim case, made after the pendency of the litigation, are not admissible in evidence, but admissions made before the pendency of the litigation are admissible. Civil Code, § 5189; *Horn* v. *Ross*, 20 *Ga.* 210, and Van Epps' notes; *Smith* v. *Cox*, 20 *Ga.* 240. The declaration of a defendant in execution, made at a time when it was against his interest to make it, has been held to be admissible in favor of the plaintiff in execution. *Foster* v. *Rutherford*, 20 *Ga.* 676. When a defendant in execution is in possession of the land at the time of the levy, any declaration made by him up to the time of

the levy, and while in possession, is admissible in evidence in a claim case. *Rutledge* v. *Hudson,* 80 *Ga.* 267; *Smiley* v. *Padgett,* 123 *Ga.* 39. Any declaration made by Mrs. Jones while she 'was in possession of the property, which was prejudicial to her interest, would be admissible in evidence against those claiming under her. *Glanton* v. *Griggs,* 5 *Ga.* 434. Declarations by Mrs. Jones against her interest, made while she was in possession of the property and prior to the conveyance which passed whatever interest she had therein to her son, would be admissible against a claimant who derived title from her grantee. The declarations made by her, whether against her interest or in her own favor at the time when she was not the owner or in possession of the property, and subsequently to the pendency of the present litigation, would not be admissible. Civil Code, §5180. It is said, though, that even if it was erroneous to refuse to admit in evidence the marriage settlement, the judgment should not be reversed, for if the marriage settlement had been admitted it would have shown that Mrs. Jones had no leviable estate in the property, for the reason that the marriage settlement created an executory trust. We will not now pass upon the question as to the character of the estate that Mrs. Jones has in the property, for the reason that this question was not passed upon by the trial judge. The marriage settlement was offered in evidence for the purpose of showing that Mrs. Jones had dealt with what she thought was a child's share in her husband's estate, and its admissibility for this purpose was the only question passed upon by the trial judge. Whether Mrs. Jones, since the death of her second husband, has an interest in the property which is subject to levy and sale, or whether the marriage settlement created merely an executory trust giving her an interest only in the rents, issues, and profits, we will not now undertake to determine; leaving these questions to be decided on another trial. The evidence was admissible for the purpose for which it was offered, that is, as a circumstance showing an election by the widow to take a child's share; and whether when admitted it will have the effect to entirely defeat the plaintiff in execution, we will leave for determination after the evidence is before the court, and the question of the construction of the instrument has been passed upon by the trial judge.

*Judgment reversed. All the Justices concur.*