## CULPEPPER, administrator, *v.* CRANE, administrator.

Where a husband as the head of a family has a homestead set apart for himself and wife, and the widow after his death continues upon the property constituting the homestead for a great number of years (more than twenty years in the present case), enjoying during that period the rents, issues, and profits of the homestead, she will not be allowed, after the expiration of such a time, to take a year's support out of the homestead property, but will be conclusively presumed to have made an election in favor of the enjoyment of the homestead as such, and against the right to have a year's support set apart to her.

APRIL 16, 1913.

Year's support.   Before Judge Freeman.   Meriwether· superior court.   July 8, 1912.

*A. H. Freeman* and *N. F. Culpepper*, for plaintiff in error.

*McLaughlin & Jones* and *J. J. Bull*, contra.

BECK, J.   William J. Mitchell died about the year 1881, leaving a homestead estate consisting of lands in Meriwether·county.  His widow, who was the sole beneficiary of the homestead after his death, remained in possession of the lands, enjoying the rents, issues, and profits thereof as a homestead, until the year 1905.  In that year she made application to have a year's support set apart to her out of the homestead property.  The administrator of William J. Mitchell, on behalf of heirs and creditors, filed a caveat, setting up, among other things, the ground that the widow, having remained in possession of the homestead property for more than twenty years, should be considered as having elected to live upon the homestead instead of taking a year's support.  By consent the case was appealed from the court of ordinary to the superior court.  Pending the hearing the widow died, and the case proceeded in the name of her administrator.  The jury trying the case found in favor of the application for a year's support.  The administrator made a motion for a new trial, which was overruled, and he excepted.

Where a husband as the head of a family had a homestead set apart to himself and wife, and afterwards died, his widow "may

elect to allow the homestead to remain for her benefit as the sole beneficiary, or to take a year's support out of the homestead property." *Miller* v. *Crozier,* 105 *Ga.* 54 (31 S. E. 122). And it was further said in that case: "The law gives her an estate in the homestead property for life or during widowhood, and an absolute estate in the year's support. She can elect either the one or the other. Her election of the one will amount to a relinquishment of the other. If the whole of the homestead estate be allowed her as a year's support, then, according to *Lowe* v. *Webb* [85 *Ga.* 731 (11 S. E. 845)], the lesser estate is merged into the greater, and she has the fee to the whole." While it was held in the case of *Bardwell* v. *Edwards,* 117 *Ga.* 824 (45 S. E. 40), that the fact that the widow may have lived on the homestead and derived her support from it for more than a year succeeding the death of the head of the family will not bar the widow and minor children of the right to have a year's support set apart to them out of the property constituting the homestead estate, the doctrine of election between the use and enjoyment of the homestead estate as such, and the right to have a year's support set apart, were distinctly recognized. In the present case the widow who made application for the setting apart of a year's support had lived on the homestead estate and derived her support from it for more than twenty years; and the question is, whether she shall or shall not conclusively be presumed to have made an election to take and enjoy the homestead as such, and relinquish her right to have a year's support set apart out of it. There are other cases which might be cited, applying the doctrine of election by the widow between the enjoyment of the homestead estate as such and the right to have a year's support set apart out of the property constituting the homestead estate. It has been held that where the widow continues to live upon the property after the death of the husband who had the same set apart to himself and wife as a homestead, enjoying the homestead estate until her death, without making application for a year's support out of the property or indicating her intention to do so, she will be held to have elected to take the homestead property rather than a year's support. *Ehrlich* v. *Silverstein,* 121 *Ga.* 54 (48 S. E. 703). Will any other facts and circumstances, short of the death of the wife before expressly declaring an intention to assert her right to a year's support, be held to amount to an

election upon her part to relinquish her right to a year's support? We are of the opinion that acts and conduct of the wife may, in such a case, where continued for a long period of time, as clearly manifest an intention to make an election as an express declaration upon her part. In certain cases it has been held that where a widow remained in possession of land until the time of her death and until a long time after her right to dower was barred, without making an application therefor, the fair legal presumption from such facts is that she had elected to take a child's part of the land, where that was more beneficial to her interest, although no formal election, independent of her acts and conduct, was shown. That she did not intend to claim a dower in the land was clearly manifested by her failure to make application for it within the time allowed by law; and therefore, it was said, she should be considered as having held the land under her right to a child's part thereof, "and her acts and conduct will be considered as an election on her part to that effect, in view of the facts of the case." *Sewell* v. *Smith, 54 Ga. 567; Sloan* v. *Whitaker, 58 Ga.* 319. In the case of *Rountree* v. *Gaulden,* 128 *Ga.* 737 (58 S. E. 346), it was said: "Upon the death of the husband the wife is entitled to dower. She is permitted to take, however, in lieu of dower a child's share in the estate. If she elects to take her dower, she has no further interest in the realty. If she elects to take a child's share, she is entitled to the share which a child would take, unless the shares exceed five in number, in which event she is entitled to a one-fifth part of the estate. Civil Code, § 3355. Her election to take a child's part of the real estate in lieu of dower must be exercised within twelve months from the grant of letters testamentary or of administration on the husband's estate. Civil Code, § 4689; *LaGrange Mills* v. *Kener,* 121 *Ga.* 429 [49 S. E. 300]. There is no presumption of law that a widow will elect, or has elected, to take a child's part in the estate of her husband. *Jossey* v. *Brown,* 119 *Ga.* 758 [47 S. E. 350]. It must affirmatively appear that she elected to take a child's part within the time prescribed by law. This may appear by an election in writing, duly signed, filed, and recorded in the office of the ordinary; but this is not the only method of proving the fact of such election. The fact of election may be shown by circumstances establishing the same, as well as by direct evidence. If the circumstances are such as to establish that an election has

been made in time, it is as much affirmatively established as if there were direct evidence to that effect."

In the present case it will be noted that the widow continued to live upon the property constituting the homestead estate for more than twenty years; and while she could not have sold or created valid liens upon it, she enjoyed the rents, issues, and profits of it as completely as if she had owned it in fee simple during that period. And we think that if in any case acts and conduct can show an election between two rights, both of which can not be enjoyed, it should be so held in this case. To hold otherwise, it seems to us, would be most inequitable and unjust to creditors. The uncontroverted evidence in this case showing that the applicant for a year's support had remained in possession of the homestead for more than twenty years, the caveat on the ground that the widow had made an election in favor of living upon and enjoying the homestead property and against the taking of a year's support should have been sustained by the verdict of the jury, and the verdict in favor of the year's support and against the caveat was without evidence to support it and contrary to law.

*Judgment reversed. All the Justices concur, except Hill, J., disqualified.*