24689. HODGES et al. v. LIBBEY.

UNDERCOFLER, Justice. Gerald T. Hodges and Mrs. Mamie Cameron brought this action on February 6, 1967, against Mrs. Miriam Hawkins Libbey seeking to cancel three purported deeds in which the defendant was the grantee alleging that such deeds were never executed and delivered by the grantors therein or by anyone authorized by them to execute and deliver them. The amended petition alleges that the plaintiffs and the defendant inherited the property described in said deeds as next of kin of Mrs. Ella Floyd who died in 1943 and Miss Leila Floyd who died on October 7, 1955. It shows a deed from Mrs. Ella Floyd dated in 1932 and two deeds from Miss Leila Floyd dated in 1944 and 1947. These deeds were recorded on December 10, 1955. The estate of Mrs. Ella Floyd was unrepresented from her death in 1943 until December 5, 1955, when the plaintiff Gerald T. Hodges qualified as administrator, and he has refused to take action in this matter as such administrator. Miss Leila Floyd died leaving a will which was held invalid by the Superior Court of Walton County. This judgment was reversed and a new trial ordered by this court in 1958 but no further action has been taken in that case. See *Hawkins v. Hodges,* 213 Ga. 837 (102 SE2d 16). The petition alleges that "said three described tracts of land came into possession of petitioners and the defendant by reason of their relationship to the said Miss Leila Floyd and Mrs. Ella Floyd, both now deceased . . ." and ". . . that at all times since the death of the said Mrs. Ella Floyd and of the said Miss Leila Floyd, the real estate and land described in the purported deeds respectively of said deceased, have been possessed and enjoyed by petitioners and the defendant as such heirs at law." The petition further shows that petitioners are residents of Alabama and the defendant is a resident of DeKalb County, Georgia. The land involved is located in Walton County, Georgia. The defendant demurred to the petition on the grounds that it did not set forth a cause of action and that it was barred because of laches and the statute of limitation.

The trial court sustained the general demurrer to the petition and the appeal is from that judgment. *Held:*

The three purported deeds sought to be canceled in this action were dated in 1932, 1944 and 1947, and recorded on Decem-

ber 10, 1955. Although the petitioners allege that they have been in possession of the real estate with the defendant since the deaths of Miss Leila Floyd and Mrs. Ella Floyd, there are no allegations that these grantors in the deeds were seized and possessed of the said real estate at the time of their deaths and there are no allegations which show that the grantors did not have knowledge of these deeds from the time they were purportedly executed and delivered and no reasons, legal or equitable, are shown why they did not file suit to have these deeds canceled.

"In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to have acted sooner, and whether the party charged with laches acted at the first possible opportunity. To constitute the defense of laches the delay must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue, or where the lapse of time has been sufficient to create or justify a presumption against the existence or validity of the plaintiff's right, or to justify a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived, or has been satisfied." *Citizens & Southern Nat. Bank v. Ellis,* 171 Ga. 717, 733 (3) (156 SE 603) ; *Flemister v. Billups,* 202 Ga. 132, 133 (1) (42 SE2d 376).

Since under the allegations of the petition, the grantors in the deeds are barred by laches, their privies, either in law, fact, or estate, have no greater right than the one with whom they are in privity and are also barred. *Phillips v. Phillips,* 211 Ga. 305, 309 (1) (85 SE2d 427). See *Thomas v. Stedham,* 208 Ga. 603, 606 (2) (68 SE2d 560). The trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1968—DECIDED JUNE 30, 1968—
REHEARING DENIED JULY 16, 1968.

O. J. Tolnas, for appellants.

Davis & Stringer, Thomas O. Davis, Heyman & Sizemore, W. Dan Greer, for appellee.