26168. HODGES v. LIBBEY.
26169. HODGES v. LIBBEY et al.

HAWES, Justice. Each of these cases involves an application by Gerald T. Hodges, in one as the administrator of the estate of Mrs. Ella Floyd, and in the other as administrator de bonis non cum testamento annexo of the estate of Miss Leila Floyd to sell described tracts of land as the property of said estates. In each case, Mrs. Miriam Hawkins Libbey filed a claim to the property. In case No. 26168, the claimant contended that she was the owner of the property therein involved by virtue of a deed executed to her by Mrs. Ella Floyd in November, 1932, and recorded December 6, 1955. In case No. 26169, the claimant based her ownership of the property on deeds executed to her by Miss Leila Floyd dated February 10, 1944, and August 1, 1947, and both recorded on December 6, 1955. The property here involved is the same property as that involved in *Hodges v. Libbey,* 224 Ga. 509 (162 SE2d 716) which was a proceeding by Hodges individually, and another as heirs at law of Mrs. Ella Floyd and of Miss Leila Floyd against Mrs. Libbey, the remaining heir at law of those deceased persons wherein it was sought to set aside the deeds here relied on by Mrs. Libbey in asserting her claim. This court held in that case that as "the grantors in the deeds are barred by laches, their privies, either in law, fact, or estate, have no greater right than the one with

whom they are in privity and are also barred." With respect to the issue of laches in these cases, the facts appearing are no different from the facts appearing in the case cited and quoted from, and we adhere to that ruling and judgment. It cannot be successfully argued, of course, that the plaintiff as administrator of the estates of the deceased grantors is not in privity with such grantors. Being so, he is barred under the principles announced in that case. It follows that the trial court did not err in each case in granting the claimant's motion for a summary judgment.

*Judgment affirmed in each case. All the Justices concur.*
ARGUED NOVEMBER 9, 1970—DECIDED JANUARY 29, 1971.

*O. J. Tolnas,* for appellant.
*Heyman & Sizemore, W. Dan Greer, Davis & Stringer, Thomas O. Davis,* for appellee.