### 26897.   HELMLY et al. v. SAVANNAH BANK & TRUST COMPANY OF SAVANNAH.

ARGUED DECEMBER 13, 1971—DECIDED JANUARY 6, 1972.

*Bouhan, Williams & Levy, Robert M. Williams,* for appellants.

*Connerat, Dunn, Hunter, Maclean & Exley, James P. Houlihan, Lewis & Javetz, Emanuel Lewis,* for appellee.

NICHOLS, Justice. The case was tried upon an agreed statement of fact. The contention of the appellants is that such agreed statement of fact demands a finding that the widow abandoned (by failing to make an election) her "child's share" of the realty and is only entitled to dower, should she timely claim the same.

The contention of the widow is twofold. First, that no election was necessary, and second, if such election was necessary, it had been made.

The agreed statement of fact discloses that from the time of Mr. Helmly's death until October 5, 1970, all parties concerned considered that the widow's share of the real estate was a "child's share" or in this case one-third of the real estate. On October 5, 1971, after the Internal Revenue Service raised a question as to whether her share of the real estate would be limited to a life estate (thus disqualifying it for a marital deduction under the estate tax laws), the children changed their position and contended that their stepmother had not made an election to take a "child's share" and would only be entitled to a "one-third life interest in the real estate."

Much of the argument by the children is based upon the premise that any failure of the widow to affirmatively make

an election to take a "child's share" is not offset by the administrator's alleged erroneous belief that no election on her part was necessary.

It is well settled that a widow is entitled to a full disclosure of her rights and the condition of the estate before any agreement or election on her part as to the division of the estate is binding. Compare *Anderson v. Caldwell*, 66 Ga. App. 703 (19 SE2d 202); *Giles v. Giles*, 135 Ga. 683 (70 SE 335).

"While it must affirmatively appear that the widow elected to take a child's part within the time prescribed by law, it is not necessary that her election be evidenced by a writing, duly signed, filed, and recorded in the office of the ordinary. This is one method of proving the fact of her election. Nor is it necessary to show her election by some declaration made within the time prescribed by law. Such declaration is one method of proving her election. The fact of election may be shown by circumstances establishing the same, as well as by direct evidence, such as a writing, or express declaration evincing such election. *Sewell v. Smith*, 54 Ga. 567; *Brown v. Cantrell*, 62 Ga. 257; *Rountree v. Gaulden*, 128 Ga. 737 (58 SE 346)." *Reed v. Norman*, 157 Ga. 183 (3a) (121 SE 310).

The facts stipulated in the present case disclose that all parties concerned (the administrator, the children of the deceased, the widow, the administrator's attorney) all were in agreement that the widow was to have a "child's share" of the estate. Under such circumstances, no formal declaration of intent was necessary and the judgment of the trial court declaring that she had sufficiently evidenced her intention to take a "child's share" shows no reversible error.

*Judgment affirmed. All the Justices concur.*