26985. PAYTON v. JOHNSON et al.

ARGUED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972—
REHEARING DENIED MARCH 23, 1972.

*Thomas M. Jackson,* for appellant.

*Melton, McKenna & House, Andrew W. McKenna, Charles R. Free,* for appellees.

ALMAND, Chief Justice. This appeal is from a judgment of the Bibb Superior Court awarding appellees a sum of money and a 1/12th undivided interest in a contested tract of land.

The factual situation is somewhat involved, but essentially is as follows:

James Payton, Sr., died intestate in 1941 owning a farm consisting of approximately 103 acres in Bibb County. He was survived by his widow, Rena Payton, and by two adult children who were born of a previous marriage. Both the widow, who was in her 60's, and one of the children, James Payton, Jr., continued to live and work on the farm. No

administration was sought on the estate of James Payton, Sr. The widow never made application for dower, nor did she formally claim a child's part of the estate.

Rena Payton died intestate in 1950, survived by two sisters, one of whom was Cora Bell Johnson. Cora Bell Johnson died intestate in 1953, survived by four children two of whom are the appellees, Walter Johnson and Fanny Johnson Finney.

James Payton, Jr., continued to occupy the farm until his death in 1970. He was survived by his widow, Elizabeth Payton, who is the appellant.

After the death of James Payton, Jr., the appellees brought suit against his widow. They alleged that, prior to the death of James Payton, Jr., they each owned a 1/24th undivided interest in the farm and were tenants in common with him, as the per stirpes heirs of Rena Payton. They further asserted that in 1967 they had executed to James Payton, Jr., quitclaim deeds to the farm, but that such deeds were void and "unless so held by this court of equity to be void it would constitute a fraud" against them. Their prayers were (1) that they have judgment against appellant in a total of 1/12th of the sale price of two portions of the farm which had been sold by James Payton, Jr.; and (2) that a 1/24th undivided interest in the remaining land be decreed to be in each of them.

Appellant denied the essential elements of the complaint, and asserted that appellees were estopped from making their claims by reason of the quitclaim deeds, which were "for full and valuable consideration" and "given freely and voluntarily to James Payton, Jr., with the intent of having said James Payton, Jr., hold, possess and own the property described in said deeds to do with as he wished."

The case was tried before a judge without a jury, and the court found in favor of the appellees, awarding to them a sum of money and fee simple title to a 1/12th undivided interest in the remainder of the farm. This appeal is from that judgment.

■ Appellant asserts as enumerated error No. 4 that the

trial court erred in failing to find that appellees had, by quitclaim deeds, conveyed to James Payton, Jr., any interest they may have had in the farm.

At the trial of the case there was conflicting evidence as to the circumstances surrounding the execution of the quitclaim deeds, some of which would have justified a finding that they were procured by fraud. However, this enumeration of error was not supported in appellant's brief by citation of authority or by argument, and accordingly it is deemed to have been abandoned, pursuant to Rule 18 (c) (2) of this court.

Enumerations of error Nos. 3 and 5 are likewise deemed to have been abandoned.

■ Appellant asserts as enumerated error No. 1 the court's finding that appellees had an interest in the farm, "where the objective evidence showed that said Rena Payton, during her lifetime, did no acts by which it could be reasonably inferred that she elected to take a child's part in her husband's realty."

The controlling question before us is this: Was there evidence to support a finding that Rena Payton during her lifetime evinced an intention to take a child's part of her husband's estate, thus making her the fee simple owner of one-third of the estate?

"'When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty. *Snipes v. Parker,* 98 Ga. 522 (22 SE 580); *Hanvy v. Moore,* 140 Ga. 691 (79 SE 772).' *Heard v. Kenney,* 146 Ga. 719 (92 SE 205); *Harris v. McDonald,* 152 Ga. 18 (108 SE 448); *Bird v. Dyke,* 158 Ga. 81, 84 (122 SE 595)." *Darnell v. Williams,* 171 Ga. 651 (2) (156 SE 584).

"'While it must affirmatively appear that the widow elected to take a child's part within the time prescribed by

law, it is not necessary that her election be evidenced by a writing, duly signed, filed, and recorded in the office of the ordinary. This is one method of proving the fact of her election. Nor is it necessary to show her election by some declaration made within the time prescribed by law. Such declaration is one method of proving her election. The fact of election may be shown by circumstances establishing the same, as well as by direct evidence, such as a writing, or express declaration evincing such election. *Sewell v. Smith,* 54 Ga. 567; *Brown v. Cantrell,* 62 Ga. 257; *Rountree v. Gaulden,* 128 Ga. 737 (58 SE 346).' *Reed v. Norman,* 157 Ga. 183 (3a) (121 SE 310)." *Helmly v. Savannah Bank & Trust Co.,* 228 Ga. 548 (186 SE2d 883).

"Where a widow was entitled to dower or a child's part in certain land, and she remained in possession of the same until long after her right to dower was barred, without making any election, the legal presumption is that she elected to take a child's part, and this is especially true where such course was manifestly the most beneficial to her interest." *Sewell v. Smith,* 54 Ga. 567.

At the trial of the case evidence was adduced relative to who operated and controlled the farm after the death of James Payton, Sr., for the purpose of showing whether there were circumstances sufficient to show an election on the part of the widow to take a child's part. While the evidence certainly did not demand a finding that the widow took a child's part, yet it was sufficient to justify such a finding, and accordingly the judgment of the trial court in favor of appellees shows no reversible error.

■ Appellant asserts as enumerated error No. 2 that the trial court erred in failing to recognize the doctrine of laches and in permitting appellees to come into court 20 years after the death of Rena Payton, through whom they made their claim.

This argument is without merit, as the doctrine of laches is an affirmative defense (*Code Ann.* § 81A-108 (c)) which was not pleaded or made an issue by appellant.

*Judgment affirmed. All the Justices concur.*