## 37959. CHAPMAN v. McCLELLAND et al.

HILL, Presiding Justice.

Judge Melville Price died intestate in 1964, survived by his wife, Kathryn Delk Price, and two daughters of a previous marriage, Sadie Price Jones and Frances M. Price. Since 1964, the Melville Price estate has been administered by three administrators successively and has never been legally closed.[1] Because the various items of personal property and parcels of real property owned by Judge Price at his death have never been officially distributed from his estate, this suit is against his surviving heirs and the present administrator of his estate.

Kathryn was appointed administratrix of her husband's estate following his death. She resided in the marital residence until her death in 1967. Sadie succeeded Kathryn as administratrix of her father's estate and served in that capacity until her death in 1978. Sadie's son, Frank A. McClelland, was then appointed administrator of both the Melville Price estate and his mother's estate. Since Kathryn's death in 1967, Frances, Sadie and then McClelland have been in possession and control of the property owned by Judge Price at his death.

Although since abolished, the law of dower was in effect when Judge Price died in 1964.[2] Therefore, upon application, Kathryn was entitled to a life estate in one-third of the real estate owned by her husband at his death as her dower. Code of 1933 § 31-101. Further, Kathryn could have elected within one year after she was appointed administratrix to take a child's share (here, one-third) of her husband's real estate in fee in lieu of dower. Code of 1933 §§ 31-110(3), 113-903(3). However, Kathryn died without making an application for dower or a written election to take a child's share.

Harry B. Chapman is Kathryn's successor in interest to whatever rights she had in her husband's estate. Chapman filed suit in 1980 against the administrator of Judge Price's estate and his surviving heirs, Frances Price and Frank McClelland. Chapman alleged that he was the present owner of one-third of the property owned by Judge Price at his death because Kathryn had elected to take a child's share of her husband's estate in fee instead of dower. He requested an accounting, distribution of collected rents, equitable partition of the realty and other relief.

---

[1] The record does not disclose what administrative duties have been performed since Kathryn's death or why the estate has remained open for seventeen years.

[2] The right of dower was abolished by Ga. L. 1969, pp. 123, 124.

In support of his assertion that Kathryn had elected to take a child's share, Chapman introduced affidavits from Kathryn's attorney and her brother. The attorney stated that within one year of Judge Price's death he informed Kathryn of her options between dower and a child's share, she informed him that she was electing a child's share and he communicated this fact to the heirs' attorney. The brother stated that Kathryn told him within a year of her husband's death that she was electing to take one-third of the estate in fee.

The heirs denied that Kathryn had made an election and introduced affidavits from their attorney and themselves stating that no election had ever been made or communicated to them. Both parties moved for summary judgment and the trial court denied Chapman's motion and granted the heirs' motion, holding without elaboration that Chapman had no interest in the Melville Price estate. Chapman appeals both rulings.

1. A widow's election to take a child's share of her husband's real estate in lieu of dower does not have to be in writing but may be by a declaration made by the widow within the time prescribed by law, or it may be shown by circumstances. *Payton v. Johnson,* 228 Ga. 810, 813 (188 SE2d 504) (1972); *Hemly v. Savannah Bank &c. Co.,* 228 Ga. 548, 550 (186 SE2d 883) (1972); *Reed v. Norman,* 157 Ga. 183 (3a) (121 SE 310) (1923).

Here, Chapman introduced sworn affidavits stating that Kathryn had declared her election within one year of her husband's death. Although these statements were disputed by opposing affidavits, they were sufficient to create a genuine issue as to a material fact which should have been resolved by a fact finder. Code Ann. § 81A-156 (c). Thus, unless authorized for another reason, summary judgment should not have been granted to the defendants.

2. On appeal the heirs argue that the grant of summary judgment was proper because the affidavits offered by Chapman were inadmissible as containing hearsay and self-serving declarations. Chapman argues that the affidavits offered by the heirs were self-serving, not based on personal knowledge and contradictory of other statements and actions of the heirs, and that he was therefore entitled to summary judgment. Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment. *Bell v. Sellers,* 248 Ga. 424 (1) (283 SE2d 877) (1981); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298) (1972).

3. The heirs argument that the suit is barred by the statute of frauds (Code Ann. § 20-401 (4)), is also without merit. It is well settled that a widow's election to take a child's share of her husband's real estate in lieu of dower does not have to be written; e.g., *Payton v. Johnson,* supra, 228 Ga. 813; her election is not a contract, and the statute of frauds does not apply.

4. The heirs also argue that this suit is barred by the statute of limitations of Code Ann. § 3-709. The party defendants in this case are: Frances M. Price; Frank A. McClelland individually; and Frank A. McClelland in his capacity as the administrator of the Melville Price estate and the Sadie Price Jones estate. Code Ann. § 3-709 provides: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." Clearly this Code section does not bar the actions against Frances and McClelland in their individual capacities as heirs.

In regard to the action against McClelland as administrator, the record does not disclose when the heirs' possession of the estate property became wrongful or adverse, so as to give Kathryn and her successors in interest a cause of action which would commence the running of the statute of limitations. Therefore, we are unable to determine which, if any, of the claims against McClelland in this capacity are barred by Code Ann. § 3-709.

5. The heirs' final contention is that the suit is barred by laches. Code Ann. § 37-119. "In determining whether there has been laches, various things are to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation thereof, whether during the delay the evidence of the matters in dispute has been lost or become obscure, whether plaintiff or defendant was in possession of the property in suit during the delay, whether the party charged with laches had an opportunity to have acted sooner, and whether the party charged with laches acted at the first possible opportunity. . . . *Citizens & Southern Nat. Bank v. Ellis,* 171 Ga. 717, 733 (3) (156 SE 603); *Flemister v. Billups,* 202 Ga. 132, 133 (1) (42 SE2d 376)." *Hodges v. Libbey,* 224 Ga. 509, 510 (162 SE2d 716) (1968). Further, the period of the delay in bringing suit is measured from the time the cause of action was possessed by the party charged with laches *or* his privies. *Hodges v. Libbey,* supra, 224 Ga. at 510. As noted above, we do not know when any cause of action arose.

The defendants have been in possession of the property for over 13 years, from September, 1967, when Kathryn died, to December, 1980, when suit was filed. In addition to possible defenses as to statutes of limitation (see division 4), the delay of over 13 years raises

the issue of laches, especially since Kathryn's purported election was made known to her attorney, as well as her brother who was one of her heirs.

Applying the foregoing factors to the facts of the present case, it appears that Chapman may well be precluded from maintaining the instant action by the long delay in filing suit. However, "[o]rdinarily the question of laches involves disputed facts, on which there must be findings below." *Clover Realty Co. v. J. L. Todd Auction Co.,* 240 Ga. 124, 126 (4) (239 SE2d 682) (1977). No findings of fact have yet been made in this case and we cannot say from the record before us that the delay in bringing suit has "practically [precluded] the court from arriving at a safe conclusion as to the truth of the matters in controversy. . . ." *Hodges v. Libbey,* supra, 224 Ga. at 510. Therefore, the issue of laches will have to be decided in the court below after additional facts are shown. There were genuine issues of material facts and defendants were not entitled to judgment as a matter of law. The grant of summary judgment to the defendants therefore must be reversed.

6. Chapman argues that summary judgment should have been granted to him based on the affidavits he introduced and positions taken by the defendants consistent with those affidavits. We disagree. The delay of over 13 years (see division 5) creates a question as to whether Kathryn elected to take a child's share. The trial court therefore did not err in denying Chapman's motion for summary judgment.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 6, 1982.

*Dubberly & Rahn, A. Rahn III, Joseph D. McGovern,* for appellant.

*Richard D. Phillips, Hubert Howard,* for appellees.