## A96A0195. NEESE v. BRITT HOME FURNISHINGS et al.
(474 SE2d 44)

BLACKBURN, Judge.

Marie Ochs Neese appeals the summary judgment entered on her claim for personal injuries against Britt Home Furnishings (Britt).

On July 27, 1992, Marie Ochs Neese was injured in an automobile collision allegedly caused by Thomas Hollifield. Hollifield, a floor covering installer, worked various jobs for Britt who sold the covering. He was traveling to a Britt job site when the accident occurred. Neese sued Britt on a theory of respondeat superior, alleging that Hollifield was Britt's employee and was acting within the scope of his employment at the time of the accident. After conducting discovery, Britt filed a motion for summary judgment claiming that Hollifield served Britt as an independent contractor and not as an employee. Supporting the motion were the affidavit and deposition testimony of a Britt representative. The trial court granted Britt's motion giving rise to this appeal.

1. Neese first asserts that the trial court erred in relying on the affidavit of Jamie Britt which stated that Hollifield supplied services to Britt only as a independent contractor. Neese asserts that the affidavit contained impermissible hearsay in that it referred to business records that were not attached to the affidavit. Pretermitting the issue of whether the failure to attach the records constituted a fatal flaw in the affidavit, we determine that Neese failed to lodge a timely objection to the affidavit. The facts in *Chapman v. McClelland*, 248 Ga. 725 (286 SE2d 290) (1982) presented a similar situation. In *Chapman*, the appellant objected to an affidavit presented to the trial court in support of a summary judgment motion, asserting that the affidavit contained inadmissible hearsay and self-serving declarations not based on personal knowledge. The Georgia Supreme Court found this argument to be meritless as the objections were never raised before the lower court. Id. at 726; see also *Vaughn & Co. v. Saul*, 143 Ga. App. 74 (237 SE2d 622) (1977). In the present matter, the objections raised by appellate counsel were not raised by trial counsel below and we are precluded from consideration of this issue on appeal.[1]

2. Neese asserts that the trial court erred in granting summary judgment as genuine issues of material fact exist as to Hollifield's

---

[1] We note that hearsay has no probative value and cannot be considered in a summary judgment proceeding. *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 234 (461 SE2d 245) (1995). Thus, assuming without deciding, that the affidavit was based completely on hearsay, the unrefuted deposition testimony proffered by Britt, which provided that Britt did not control the time or method in which Hollifield performed his work, supports the trial court's entry of summary judgment.

employment status. "The true test of whether the relationship is one of employer-employee or employer-independent contractor is whether the employer, under the contract either oral or written, assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." (Punctuation omitted.) *Gray v. Vaughn, P.C.*, 217 Ga. App. 872, 874 (460 SE2d 86) (1995).

"The right to control the time of doing the job means the right to control the hours of work." (Punctuation omitted.) *RBF Holding Co. v. Williamson*, 260 Ga. 526 (397 SE2d 440) (1990). No such control is evidenced here. The record reflects that Hollifield had the authority to accept or reject various jobs from Britt and to choose the days on which he worked for Britt. While Britt would initially schedule the jobs with its customers, Hollifield had the authority to reschedule any job that proved inconvenient or posed a conflict with his other work. "The right to control the manner and method [of work] means the right to tell the employee how he shall go about doing the job in every detail, including what tools he shall use and what procedures he shall follow." (Punctuation omitted.) *RBF Holding*, supra. Once again, no such control is evidenced here. Britt made no effort to oversee the method or manner in which Hollifield performed his work. Hollifield selected and paid the members for his crew. He installed flooring using his own tools and without a supervisory representative from Britt. Britt does not dispute that it might sometimes require Hollifield to return to a job site and fix problems with his work. However, this does not evidence Britt's control over Hollifield. Rather, it merely evidences that Britt would exercise its right to require Hollifield's work to meet certain professional standards which is in keeping with and not contrary to an employer-independent contractor relationship. See *Gray*, supra.

3. Evidence in the record at the time the motion for summary judgment was decided revealed that Britt had never prepared a 1099 tax form for Hollifield even though it was required to do so by federal law. Neese asserts that the trial court erred in determining that Britt's failure to file a 1099 tax form on behalf of Hollifield did not create a genuine issue of fact as to Hollifield's employment status. In support of her proposition, Neese cites only to *N. S. Co. v. Cincinnati Ins. Co.*, 203 Ga. App. 347, 349 (416 SE2d 859) (1992) in which we found that the employer's issuance of 1099 tax forms is one of many factors supporting a worker's position as an independent contractor. We do not find the converse — an employer's failure to prepare a 1099 tax form — when considered by itself, creates a genuine issue of fact as to a worker's employment status. As outlined above, the key issue in determining whether one is an employee or an independent

contractor is the degree of control that an employer exercises over the time, manner, and method in which the work is executed. *Gray*, supra. Britt has provided ample, undisputed evidence that it did not exercise such control. Britt's failure to comply with the tax code alone does not create a factual issue on the pivotal question of whether Britt exercised such control over Hollifield that he should be considered Britt's employee. See *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) (1978) ("a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists").

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 — 

*Margrett A. Skinner, Bernard Knight*, for appellant.

*Arrington & Hollowell, Gary W. Diamond, Sharon W. Ware & Associates, Stuart Theodore*, for appellees.

Thomas Hollifield, *pro se*.