A96A2038. MERRILL v. FIRST UNION NATIONAL BANK OF GEORGIA.
(481 SE2d 890)

McMURRAY, Presiding Judge.

Plaintiff First Union National Bank of Georgia as successor in interest to Decatur Federal Savings & Loan Association ("DFSL") brought suit alleging that defendant Merrill was guarantor of certain obligations of two corporations under notes executed in favor of

DFSL. Contending that the notes were in default, plaintiff brought this action against defendant who now appeals the grant of summary judgment in favor of plaintiff. *Held*:

1. In his first enumeration of error, defendant seeks to challenge the sufficiency of an affidavit submitted in support of plaintiff's motion for summary judgment arguing that it fails to show that it was based on personal knowledge of the affiant. As this issue was not raised below, it may not be entertained for the first time on appeal. *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290); *Neese v. Britt Home Furnishings*, 222 Ga. App. 292 (1) (474 SE2d 44).

2. Defendant also maintains that a material issue of fact remains with regard to the obligations guaranteed. This arises from the fact that one of the notes executed by the two corporations incorporates by reference a "Loan Agreement" between the corporate makers of the note and DFSL which is not included in the record. Since the multiple notes are referenced in the multiple guaranty agreements, defendant reasons that the absence of the "Loan Agreement" leaves a gap in our knowledge of the contractual arrangements sufficient, upon application of the rule favoring a party opposing a motion for summary judgment, to preclude the entry of summary judgment in this case. However, this does not consider defendant's admission in his affidavit that required payments to be made by the corporations under the notes that had not been made and that the corporations were in default under the notes. The evidence of record leaves no ambiguity concerning the fact that defendant's obligations under the guaranty agreements had been triggered or that plaintiff had established its prima facie case. Under the guaranty agreements defendant guaranteed the full and prompt payment of the obligations of the corporations under the terms of the notes.

3. Next, defendant maintains that his liability is capped by the last of the guaranty agreements dated June 20, 1990. While the obligation under this last guaranty is limited to the amount of the principal sum, that obligation is explicitly stated to "be in addition to and shall not prejudice or be prejudiced by any other agreement, instrument, surety or guaranty. . . ." This attempt to limit defendant's liability to the principal sum of this last guaranty is as stated in the state court's order "apparently based upon a misreading of the documents and a failure to include all of the language of the documents."

4. Finally, defendant contends that the grant of summary judgment in favor of plaintiff was error because required confirmations were not obtained after the foreclosure and sale of interests in real estate. Nonetheless, the record reveals that plaintiff disposed of one parcel of real estate which was confirmed. Apparently, defendant's argument is addressed to the disposal by plaintiff of certain mortgage industrial revenue bonds. The bonds are personal property not

subject to the confirmation procedure, and defendant is unable to present any authority suggesting otherwise. Compare OCGA § 44-14-161 (a). In this regard we specifically reject defendant's suggestion that the bonds represented an interest in real estate within the meaning of OCGA § 44-1-2 (a) (3). See OCGA § 44-1-3.

*Judgment affirmed. Johnson and Blackburn, JJ., concur. Ruffin, J., disqualified.*

DECIDED FEBRUARY 21, 1997 — 

*Wilson, Strickland & Benson, Daniel I. MacIntyre IV, Samuel T. Brannan III, Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom*, for appellant.

*Nelson, Mullins, Riley & Scarborough, Richard B. Herzog, Jr.*, for appellee.