32852. CLOVER REALTY COMPANY v. J. L. TODD AUCTION COMPANY.

HALL, Justice.

In a prior case involving the same dispute, appellant sought to join appellee as an additional defendant. The case against appellee was dismissed by the trial court on two alternative grounds: failure to obtain a court order joining appellee as an additional party defendant, and the statute of limitation. The appeal was affirmed on the first ground; this court did not consider the statute of limitation issue. *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976). In the present case, appellant filed a new suit against appellee on the same cause of action. Summary judgment was rendered for appellee without

specification of the basis for the judgment. Arguments relating to res judicata, the statute of limitation, and laches were presented, and the judgment could have been based on any one of these.

1. Appellee's first res judicata argument is based on § 41 (b) of the Civil Practice Act. Code Ann. § 81A-141 (b). Todd argues that the judgment in the prior case was an adjudication upon the merits because the last sentence of this section states: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." Since the trial court failed to specify "without prejudice," the appellee contends that a subsequent suit is barred. We disagree.

The above exceptions refer to "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the court's going forward to determine the merits of his substantive claim." *Douglas v. Douglas*, 238 Ga. 452 (233 SE2d 195) (1977). Dismissal of a party under the CPA for failure to obtain a court order adding that party to the pending suit falls within the above test, i.e., the merits could not be reached because of the failure of the plaintiff to satisfy a precondition, and the dismissal was accordingly without prejudice.

2. Appellee makes a second res judicata argument based on the alternative holding by the trial judge in the previous case that the action was barred by the statute of limitation. It is contended that our affirmance of the judgment affirmed both holdings, even though we expressly declined to rule on the limitation issue (since our decision of the joinder issue disposed of the case). We disagree. Once the trial court ruled in the first suit that the appellee was not a party to the case, the alternative ruling in that suit on the statute of limitation was inoperative so long as the primary ruling remained valid. It is axiomatic that a court cannot rule upon the validity of an action against a defendant if that defendant is not a party to the case. When this court affirmed the dismissal in *Clover Realty Co. v. Todd,* supra, for failure to properly

join the appellee as an additional party, the alternative ruling on the claim became functus officio.

3. Appellee also made a "double limitations" argument to the trial court in this case, i. e., he argued that the statute of limitation had run, and that even if the statute had not run, the claim was barred by laches. *Emhart Corp. v. McLarty,* 226 Ga. 621 (176 SE2d 698) (1970).

The complaint sought to impose a constructive trust on personal property, and thus under our holding in *Grant v. Hart,* 192 Ga. 153 (14 SE2d 860) (1941), the applicable statute of limitation is Code Ann. § 3-709, which allows ten years. See also *Murray County v. Pickering,* 196 Ga. 208 (26 SE2d 287) (1943). While the underlying transaction involved land, the case does not involve title to land, and thus cases such as *Wallace v. Mize,* 153 Ga. 374 (112 SE 724) (1922) are not on point. The pleadings indicate that the statute of limitation has not run.

4. The doctrine of laches may bar an equity case prior to the running of the applicable statute of limitation. Code Ann. §§ 3-712, 3-713, 37-119. But to prevail on a plea of laches, it is essential that the pleading party prove harm caused him by the delay. See Code Ann. § 37-119; *Hodges v. Libbey,* 224 Ga. 509 (162 SE2d 716) (1968). Ordinarily the question of laches involves disputed facts, on which there must be findings below. *Bacon v. Edwards,* 234 Ga. 100 (214 SE2d 539) (1975). We have no findings in the present case, but even assuming that all of the facts alleged in appellee's brief are true, appellee has not shown laches. All that is alleged is delay for less than the period of the statute of limitation, and the pendency of a closely related suit. Delay alone is never enough to show laches where there is an applicable statute of limitation. See Code Ann. § 37-103, 37-119. The pendency of the action against Todd as an individual (and others) has not prejudiced the appellee. On the contrary it has given the company actual notice of the pendency of the action, and most likely the benefit of Todd's preparations for trial. No showing of laches has been made.

5. Appellee's arguments as to the sufficiency of appellant's complaint have not been presented to the trial court.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Marshall, J., who dissent.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 2, 1977.

*Spearman, Thrasher & Whitley, Daniel I. McIntyre, William Lewis Spearman,* for appellant.
*Duffey & Sawhill, Harl C. Duffey, Covington, Kilpatrick & Storey, Dean Covington, J. Bryant Durham,* for appellee.