S91A0230. THOMAS et al. v. MADISON COUNTY BOARD OF COMMISSIONERS et al.
(404 SE2d 271)

FLETCHER, Justice.
Appellants are the local chapter of a veterans' organization and

the chairman of that organization's board of directors. Appellants applied to the Madison County Board of Commissioners, ("board"), for a license to serve beer at the meeting place of the local chapter. The board heard the license application on January 23, 1990 and, by letter dated January 29, 1990, informed appellants that their application "was turned down under Section VIII of the Madison County Beer, Wine and Malt Beverage Ordinance in the public interest because of the close proximity of residences to the clubhouse. . . ."

Because the local ordinance does not contain any restrictions concerning proximity of a licensed location to residences, appellants attempted to negotiate with the board concerning the denial. During the negotiations, appellants were told by a board representative that it would be useless to seek a hearing[1] before the board concerning the denial because the board's decision would not change. Based upon such information, appellants decided to file a petition for a writ of mandamus in the Madison County Superior Court seeking to compel the board to issue the license rather than proceed any further with the board.

The superior court denied the petition for several reasons, one of which was that all administrative remedies had not been exhausted. We agree that all administrative remedies were not exhausted and, for that reason, find that mandamus was properly denied.

While it appears from the record that appellants did make a timely request for a hearing before the board, it is not clear whether appellants abandoned or waived the right to such hearing. We remand this case to the trial court for a determination of these issues. If the trial court finds that a hearing was timely requested and that appellants have not abandoned or waived their right to such a hearing, appellants would then be entitled to an expeditious hearing before the board as provided for by the local ordinance and as required by OCGA § 3-3-2 (b) (3).

*Remanded. All the Justices concur.*

DECIDED MAY 23, 1991.

*Walter B. Harvey,* for appellants.
*Dale Perry,* for appellees.

---

[1] The local ordinance provides that any applicant aggrieved by the board's decision concerning the issuance of an alcoholic beverage license is entitled to a hearing before the board with an opportunity to present evidence and cross-examine witnesses. Request for such hearing must be made within ten days of receipt of the notice of denial.