S97A2033. SHE, INC. et al. v. WEST et al.
(498 SE2d 257)

FLETCHER, Presiding Justice.

She, Inc. and Charlene and Emanuel Isaacs applied for a business license to operate a lingerie sales and modeling business in the City of Gainesville. After the city denied them a building permit on technical grounds, the Isaacs filed a petition for mandamus seeking to compel city officials to issue a building permit, certificate of occupancy, and business license. The trial court dismissed the petition and the Isaacs appeal. Because they failed to exhaust their administrative remedies, we affirm the trial court's dismissal of the mandamus petition.

Since the Isaacs appeal from a motion to dismiss, we must construe the pleadings in the light most favorable to them with all doubts resolved in their favor.[1] Thus, we assume that they were entitled to the issuance of a business license at the time they filed their application in 1996. If the conditions of the building did not comply with the city building code at that time, they would have been entitled to the issuance of a license contingent on compliance with the code.[2] Nevertheless, we conclude as a matter of law that the trial court did not err in dismissing the mandamus petition.

Mandamus is an extraordinary remedy that is granted only when a petitioner has a clear legal right to the relief sought and no other adequate legal remedy.[3] The City of Gainesville Code of Ordinances outlines the administrative procedure for challenging the interpretation and enforcement of the zoning chapter. The code provides that all questions shall be presented first to the chief building inspector. Any person aggrieved by the building inspector's decision must appeal within 30 days to the zoning board of adjustment, a five-member body appointed by the city council. Recourse from the decisions of the zoning board "shall be to the courts as provided by law."

In this case, the city did not issue a business license to the Isaacs in 1996 because their application did not include the required certifi-

---

[1] See *Alford v. Public Service Commission,* 262 Ga. 386, n. 2 (418 SE2d 13) (1992).

[2] See *Inner Visions, Ltd. v. City of Smyrna,* 260 Ga. 902, 903 (400 SE2d 915) (1991); see also *Mayor of Savannah v. TWA, Inc.,* 233 Ga. 885, 886 (214 SE2d 370) (1975) (city must issue business licenses for adult bookstore and movie store when applicants had complied with all necessary requirements).

[3] *Dougherty County v. Webb,* 256 Ga. 474, 475-476 (350 SE2d 457) (1986).

cate of occupancy. The Isaacs sought a certificate of occupancy, but could not obtain it without a building permit. After the city returned their business license application at the end of the year, the Isaacs sought a building permit, which was denied for technical reasons. The Isaacs never appealed the denial of their applications to the zoning board of adjustment, as provided in the city code.[4] Instead, they filed a petition for the writ of mandamus in superior court. Since the Isaacs had an adequate legal remedy that they failed to exercise, the trial court correctly concluded that they were not entitled to mandamus.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998 —
RECONSIDERATION DENIED MARCH 13, 1998.

*Strelzik & Shapiro, Steven J. Strelzik, Vincent J. Zugay, Jr.,* for appellants.
*Stewart, Melvin & Frost, John R. Frost, James E. Palmour III, Rex J. McClinton,* for appellees.

---

[4] Cf. *Hixon v. Walker County*, 266 Ga. 641 (468 SE2d 744) (1996) (landowners appealed planning director's denial of building permit to county planning commission); *Atlanta Board of Zoning Adjustment v. Midtown North, Ltd.*, 257 Ga. 496 (360 SE2d 569) (1987) (property owner appealed denial of building permit to Board of Zoning Adjustment).

[5] See *Thomas v. Madison County*, 261 Ga. 265, 266 (404 SE2d 271) (1991) (mandamus properly denied when all administrative remedies not exhausted).