S01A0969. PAUL MAYNARD CONSTRUCTION, INC. et al. v. CITY OF WATKINSVILLE et al.
(555 SE2d 720)

HINES, Justice.

T. L. Vaughan, Jr., Jean Vaughan, and Paul Maynard Construction, Inc. ("the Vaughans"), sought a writ of mandamus to compel the City of Watkinsville and Oconee County to issue a sewer permit, and an injunction against those entities to preclude any acts of interference with the Vaughans' property lying within the limits of the City of Watkinsville and upon which the Vaughans wish to locate a 36-unit apartment complex. We affirm the trial court's denial of the petition. Although the Vaughans assert five enumerations of error, we need only address the trial court's ruling that neither a writ of mandamus nor an injunction was available.

As required by the City's Subdivision Regulations, the Vaughans submitted a preliminary plat of the project to the Planning Commission. The staff of the Planning Commission recommended denial because of failure to comply with the City's Subdivision Regulations, and the Planning Commission voted to deny. The Vaughans then modified the plat, and the staff of the Planning Commission again recommended denial for failure to comply with the City's Subdivision Regulations. The Vaughans subsequently withdrew the plat.

Mandamus will issue when a petitioner has demonstrated a clear legal right to relief. *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000). In ruling on the Vaughans' petition in superior court, the court ruled that because there was no pending plat submission concerning the project at the time of the decision on the petition for a writ of mandamus, the governmental entities could not be compelled to act, and mandamus was therefore not an available remedy. The Vaughans do not dispute that there was then no submitted plat, rather contending that one was not necessary. But the City's Subdivision Regulations clearly require that a preliminary plat be submitted to the Planning Commission and be approved, be approved with modification, or be disapproved by the Commission, before a final plat is prepared and acted upon. Thus, the court was correct that without such a submission, there is no

clear legal right to a sewer permit for the project.[1] Further, although the Vaughans contend that evidence shows that plat submission is not necessary for approval of a sewer connection, all such evidence involved properties that were outside the City of Watkinsville and were therefore not subject to the City's Subdivision Regulations. Any such approval for properties not subject to those regulations is irrelevant to any question of compliance with, and rights under, the regulations. Additionally, nothing in the evidence the Vaughans cite shows that the Vaughans satisfied some other regulation or criteria so as to establish a clear legal right to a sewer permit.

To the extent that the Vaughans sought a writ of mandamus pertaining to the withdrawn plat, assuming that such a petition could be considered, the court noted that the Vaughans did not avail themselves of the remedy set out in the City of Watkinsville's Subdivision Regulations by appealing to the Mayor and Council of Watkinsville from the adverse recommendation of the Planning Commission, or its staff, concerning the submission of the Vaughans' preliminary plat, before its withdrawal. The trial court correctly held that the failure to exercise this adequate legal remedy precluded any relief by mandamus. *She, Inc. v. West*, 269 Ga. 201, 202 (498 SE2d 257) (1998). Accord *Thompson v. Paulk*, 265 Ga. 479 (457 SE2d 665) (1995). This failure on the part of the Vaughans also precluded any injunction concerning the desired sewer permit. See *Little v. City of Lawrenceville*, 272 Ga. 340, 342 (3) (528 SE2d 515) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 28, 2001.

Russell, Stell, Smith & McLocklin, John E. Stell, Jr., for appellants.

*McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall, Robert J. Huff*, for appellees.

---

[1] The Vaughans also contend that the court's order is internally inconsistent in that it states mandamus is not available because no plat was submitted, but later states that plat submission is unnecessary. But this is a misreading of the order. The passage which the Vaughans contend shows inconsistency is merely the court's statement of the Vaughans' contention, not a statement of factual or legal finding by the court.