S07A1810. VOYLES v. McKINNEY et al.
(657 SE2d 193)

MELTON, Justice.

Joe Voyles was cited for certain city code violations in connection with the construction of a retaining wall on a lake located in the City of Berkeley Lake ("City"). Berkeley Lake Municipal Court Judge Jan McKinney, the only municipal court judge in the City, was assigned to hear Voyles' case. Shortly before an initial hearing on March 14, 2007, Voyles filed at least 12 motions, and, at the hearing, Judge McKinney set a trial date but reserved ruling on the motions to provide the City time to respond. On May 2, 2007, the day of the scheduled trial, Voyles filed a Petition for Writ of Mandamus and Impeachment in the Superior Court of Gwinnett County, arguing that Judge McKinney should be removed from the case for failing to rule on his motions and that the City should transfer his case to another judge. The trial was postponed, and on May 11, 2007, Judge McKinney informed Voyles that he could request a hearing on his motions if he desired one. On May 18, 2007, Judge McKinney moved to dismiss the mandamus petition for failure to state a claim and also filed a Request for Emergency Hearing. On May 29, 2007, the City filed a general denial to Voyles' mandamus petition. The superior court heard Judge McKinney's emergency motion on June 13, 2007. On June 21, 2007, the superior court dismissed Voyles' mandamus petition as premature because the 90-day ruling period applicable to his motions pursuant to OCGA § 15-6-21 (b) had not yet expired at the time that Voyles had filed the petition. Voyles appeals from the superior court's dismissal of his mandamus petition.

1. The dispositive issue on appeal is whether the superior court properly dismissed Voyles' petition for writ of mandamus. Voyles argues that his petition for writ of mandamus was proper because Judge McKinney failed to rule on his motions and then set the trial date before the 90-day period to rule on the motions had expired. See OCGA § 15-6-21 (b).[1] However, mandamus is an extreme remedy that

---

[1] OCGA § 15-6-21 (b) states:

In all counties with more than 100,000 inhabitants[, such as Gwinnett County], it shall be the duty of the judge of the superior, state, or city court, unless providentially hindered or unless counsel for the plaintiff and the defendant agree in writing to extend the time, to decide promptly, within 90 days after the same have been

is only appropriate "(1) where there is a clear legal right to the relief sought, and (2) where there has been a gross abuse of discretion." (Citations and punctuation omitted.) *Jackson County v. Earth Resources*, 280 Ga. 389, 390 (627 SE2d 569) (2006). Moreover, mandamus cannot be issued where an adequate remedy at law exists. See, e.g., *Paul Maynard Constr. v. City of Watkinsville*, 274 Ga. 496 (555 SE2d 720) (2001). Here, at any time prior to trial, and indeed even on the day of the trial, Voyles could have requested a hearing on his motions. Further, Judge McKinney could have ruled on the motions on the day of trial. As Voyles concedes, the day of the trial still fell within the 90-day ruling period of OCGA § 15-6-21 (b). Instead of requesting a hearing or giving Judge McKinney an opportunity to rule on his motions, however, Voyles immediately filed a mandamus petition in superior court. The superior court properly dismissed this petition as premature. See, e.g., *Jones v. Johnson & Ledbetter Constr. Co.*, 185 Ga. 323 (5) (194 SE 902) (1938); *Bourn v. Herring*, 225 Ga. 67, 70 (3) (166 SE2d 89) (1969) ("A motion to dismiss for failure to state a claim should . . . be granted [where] it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim") (punctuation omitted).[2]

2. In light of our disposition in Division 1, we need not address Voyles' remaining contentions.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008.

*McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon*, for appellant.

*Carothers & Mitchell, Richard A. Carothers, Amy B. Cowan*, for appellees.

---

[2] To the extent that Voyles argues that the superior court erred in dismissing his mandamus petition because such action violated his constitutional rights, this argument was not raised below, and therefore need not be addressed here. See *Loftin v. Southern Security Co.*, 162 Ga. 730 (3) (134 SE 760) (1926) ("[a] constitutional question can not be raised for the first time in the Supreme Court").