In the Supreme Court of Georgia

Decided:  September 12, 2016

S16A0682.  CHATHAM COUNTY et al. v. MASSEY.

Benham, Justice.

Appellee Daniel W. Massey, who is currently serving his third consecutive term as Chatham County Superior Court Clerk, filed a writ of mandamus against Chatham County and its Board of Commissioners, and later amended the petition to add a claim for declaratory judgment.  The petition sought, among other things, an order declaring him to be entitled to cost-of-living adjustments ("COLAs") to his salary as provided by general statute ("State COLAs") as well as by special local legislation ("County COLAs"), and to longevity increases as provided by statute.  Massey asserted the County deprived him of some of the compensation increases to which he was entitled over his years of service by setting off the COLAs the County claims it paid to him by improperly decreasing, in a corresponding sum, the amount the County was paying to supplement his salary over the statutory minimum.  In response,

the County argued, among other things, that since it was paying Massey in excess of the statutory minimum, he was not entitled to County COLAs in addition to State COLAs and longevity increases. The County asserted in its counterclaim that Massey had, in fact, been overpaid.

The parties agreed that the case involved no material issues of fact and that the sole issue in dispute was a matter of statutory interpretation regarding Massey's entitlement to County COLAs. Accordingly, the parties agreed to submit the legal issues to the trial court upon the arguments made in their briefs. After reviewing the evidence and arguments presented, the trial court entered an order finding Massey was entitled not only to state-mandated longevity increases and State COLAs provided by general statute but also to County COLAs provided by local legislation. The County filed this appeal.[1] For the reasons set forth herein we affirm.

OCGA § 15-6-88 (a) sets the minimum salary of each clerk of the superior court according to the population of the county served. It appears to

---

[1] The trial court also found Massey is entitled to an award of attorney fees, but the County does not challenge this portion of the order on appeal. Also, the County effectively abandoned its initial assertion that the trial court erred in granting a writ of mandamus. Accordingly, it appears this matter involves the appeal of a final order and no certificate of immediate review and application for interlocutory appeal was required as no issue remains to be determined on the initial mandamus petition. This Court's jurisdiction arises from the County's challenge to the constitutionality of the statute.

be undisputed that, given the population of Chatham County, the minimum statutory salary of the Chatham County Superior Court Clerk at the time Massey took office in 2005 was $84,458.82, and was increased to $91,682 after the 2010 decennial census. Subsection (b) of the statute provides, in pertinent part, that the amounts fixed as compensation by subsection (a) shall be increased in the same amount or percentage and at the same time that state employees in general receive a cost-of-living increase. Subsection (d) provides that the governing authority of a county may supplement the minimum salary of the clerk, but the supplement may not be decreased during any term of office. Prior to the date the increased statutory minimum salary became effective as a result of the 2010 census, the Board of Commissioners set Massey's salary at $110,000 by a 2006 resolution, an amount exceeding the statutory minimum. Subsection (d) also ratified and confirmed any such prior expenditure of county funds to supplement the clerk's salary.

Meanwhile, in 2007, at the request of the Chatham County representatives, the General Assembly passed a Local Act, 2007 HB 499, relating to the salaries authorized for lower court judges and certain officers of Chatham County, including the clerk of the superior court. Ga. L. 2007, p. 4351. Subsection (a) of the 2007 Local Act sets forth minimum salaries for

3

certain County officers, including the clerk, and provides the clerk's salary shall be fixed by the governing authority at an amount that "shall not be less than . . . $56,000." Subsection (c) requires the County to grant each officer listed in subsection (a) a cost-of-living increase in the same percentage and at the same time that it grants a cost-of-living increase to county employees.

We reject the County's argument that the 2007 Local Act is unconstitutional, such that even subsection (c) of that Act is unenforceable, because subsection (a) authorizes the superior court clerk to be paid less than what is required by general statute, in OCGA § 15-6-88 (a). According to its plain language, the 2007 Local Act does not establish $56,000 as the salary for the clerk. It simply states that the clerk's salary may not be *less than* $56,000. Consequently, it is not inconsistent on its face with the terms of the general statute requiring a clerk to be paid no less than the amount set by the county population schedule set forth in the statute, and is not unconstitutional. See Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a), generally prohibiting the enactment of local laws that conflict with laws of a general nature. Because Massey has always been paid a salary that exceeds the general statute minimum salary, the 2007 Local Act is also not unconstitutional as applied in this case. This Court applies a presumption that a statute is constitutional unless shown

4

otherwise. *Judicial Council of Georgia v. Brown & Gallo, LLC*, 288 Ga. 294, 297 (702 SE2d 894) (2010).

We also reject the County's argument that the County COLAs authorized by subsection (c) do not apply to Massey because he was not paid pursuant to the terms of subsection (a) but by salary set by resolution of the Board of Commissioners. Nothing in subsection (c) of the 2007 Local Act states that the County COLAs required by that subsection apply only to salaries paid in accordance with the minimum set forth in subsection (a). The County has failed to show that the cost-of-living provision in the 2007 Local Act is unenforceable.

We affirm the trial court's order declaring that that the 2007 Local Act is constitutional as applied to Massey and that he is entitled to the same percentage increases in salary that the County has granted to other county employees as cost-of-living increases during his tenure in office. Applying the 2007 Local Act and the applicable state statutes to Massey's compensation, he is entitled to both State COLAs and County COLAs, and also to state longevity adjustments to his salary, without setting off these increases from the amount the County supplements his salary over the statutory minimum in violation of

OCGA § 15-6-88 (d)'s prohibition of such a decrease during the clerk's term of office,[2] as the County appears to have done in this case.

Judgment affirmed. All the Justices concur.

---

[2] We note that the manual for calculating the salary of superior court clerks (and other county officers) published by the Association County Commissioners of Georgia, which was made a part of the lower court record in this case, reaches the same conclusion with respect to the application of the law to a salary such as the one paid to Massey.