## S16A1190. FEIN v. BESSEN.
(793 SE2d 76)

HINES, Presiding Justice.

This is an appeal by out-of-state attorney Frederick J. Fein from a final order of the Superior Court of Fulton County granting the motion of Diane E. Bessen, a judge of the State Court of Fulton County, to dismiss Fein's "Amended Petition for Writ of Mandamus" for failure to state a claim. The mandamus petition, as amended, sought to compel Judge Bessen to rule on default motions and to enter a final judgment in a civil action pending before her so that Fein might pursue his alleged "clear legal right to appeal Judge Bessen's revocation of his pro hac vice admission in that action." For the reasons that follow, we affirm the dismissal.

Some history of the litigation is necessary. Florida attorney Fein was admitted pro hac vice to represent Continental Tire the Americas, LLC ("CTA"), one of multiple defendants in *Chenault v. Continental AG* (Civil Action No. 12EV016009J), a personal injury suit arising from a single-vehicle automobile collision. The *Chenault* plaintiffs contended that a tread separation on a tire designed, manufactured, and sold by CTA caused the mishap. Four additional defendants were named: Continental AG ("Continental AG"), who was never served, General Tire International Company ("General Tire"), Brown Tire Services ("Brown Tire"), and General Motors Corporation ("GMC"). On October 3, 2013, Judge Bessen issued an order ("Order") finding that Fein violated the Georgia Rules of Professional Conduct in that during an unrecorded telephone conference regarding discovery matters, Fein made statements deliberately calculated to cause opposing counsel and the court to infer something that was not true in order to gain advantage for his client. Judge Bessen declined to revoke Fein's pro hac vice status, but designated local counsel as lead counsel for CTA and directed Fein not to prepare or file pleadings, contact the court or its staff, or present argument or evidence at future court proceedings. However, Fein was permitted to attend future proceedings, confer with his client and local counsel, and sit at counsel table during court.

Fein requested that Judge Bessen issue a certificate of immediate review of the Order, but his request was denied. Nevertheless, Fein filed in the Court of Appeals both an application for interlocutory appeal and a direct appeal of the Order. The Court of Appeals dismissed the application for interlocutory appeal on November 26, 2013 for failure to comply with the interlocutory procedures of

OCGA § 5-6-34 (b).[1] Then on October 22, 2014, the Court of Appeals dismissed Fein's direct appeal,[2] in which Fein argued that Judge Bessen's Order infringed on CTA's fundamental right to counsel of its choosing and constituted an "unwarranted disqualification." See *Fein v. Chenault*, 330 Ga. App. 222 (767 SE2d 766) (2014). Fein filed a petition for certiorari in this Court, which petition was denied on March 30, 2015.

Prior to the Order, in April 2013, the Chenaults filed motions for default judgment against GMC and Brown Tire, and they refiled their motion for default judgment against GMC in May 2013, after their initial motion was denied. By letter dated November 10, 2014, GMC's counsel requested that Judge Bessen dismiss GMC as a defendant in the *Chenault* suit because GMC had filed for Chapter 11 bankruptcy protection and counsel maintained that the Chenaults were barred from recovering from GMC. After the Chenaults reached a settlement with CTA, in December 2014, Judge Bessen granted the Chenaults' motion to dismiss with prejudice CTA, General Tire, and Continental AG. Thus, the only defendants remaining in the *Chenault* action were GMC and Brown Tire, and Fein did not represent either of these parties in the litigation.

---

[1] OCGA § 5-6-34 (b) provides:

(b) Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal, including but not limited to the denial of a defendant's motion to recuse in a criminal case, certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment if application is made thereto within ten days after such certificate is granted. The application shall be in the nature of a petition and shall set forth the need for such an appeal and the issue or issues involved therein. The applicant may, at his or her election, include copies of such parts of the record as he or she deems appropriate, but no certification of such copies by the clerk of the trial court shall be necessary. The application shall be filed with the clerk of the Supreme Court or the Court of Appeals and a copy of the application, together with a list of those parts of the record included with the application, shall be served upon the opposing party or parties in the case in the manner prescribed by Code Section 5-6-32, except that such service shall be perfected at or before the filing of the application. The opposing party or parties shall have ten days from the date on which the application is filed in which to file a response. The response may be accompanied by copies of the record in the same manner as is allowed with the application. The Supreme Court or the Court of Appeals shall issue an order granting or denying such an appeal within 45 days of the date on which the application was filed. Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, may file a notice of appeal as provided in Code Section 5-6-37. The notice of appeal shall act as a supersedeas as provided in Code Section 5-6-46 and the procedure thereafter shall be the same as in an appeal from a final judgment.

[2] The Court of Appeals granted the Chenaults' motion to dismiss the direct appeal on jurisdictional grounds, i.e., that the Order was not final and therefore not then subject to review.

In July 2015, Fein filed the present mandamus petition in which he alleged, inter alia, that the default motions against GMC and Brown Tire had been pending before Judge Bessen for over two years in violation of OCGA § 15-6-21 (b);[3] that once Judge Bessen rules on the default motions, there will be no defendants remaining and final judgment can be entered in the *Chenault* action, thus allowing Fein to appeal the Order; that Fein has a clear legal interest in final judgment being entered in the *Chenault* action so he may pursue his appeal of the Order; and that although Fein was not a party to the *Chenault* action, he nevertheless has standing to appeal the Order because it adversely and directly affects his rights. Fein sought the issuance of a writ of mandamus ordering Judge Bessen to decide the default motions and enter final judgment in the *Chenault* action.

Judge Bessen answered and filed a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6)[4] for failure to state a claim upon which relief can be granted. In granting the motion, the superior court ruled that Fein failed to state such a claim because Judge Bessen was precluded from entering the requested orders inasmuch as the bankruptcy petition filed by GMC acted as an automatic stay, which had not been lifted, thus barring Judge Bessen from entering any other orders in the *Chenault* case. The superior court further found that Fein did not have a clear legal right to a final order in the *Chenault* action inasmuch as Fein was asking for the entry of an order on a motion filed by the *Chenault* plaintiffs, whom he did not represent, against two defendants, whom he likewise did not represent; the court also concluded that while Fein's appellate rights in the Order were not moot, he did not have a legal right to default judgments in *Chenault*, pursuant to OCGA § 9-11-55 (a),[5] as only a plaintiff is entitled to a

---

[3] OCGA § 15-6-21 (b) provides:
> (b) In all counties with more than 100,000 inhabitants, it shall be the duty of the judge of the superior, state, or city court, unless providentially hindered or unless counsel for the plaintiff and the defendant agree in writing to extend the time, to decide promptly, within 90 days after the same have been argued before him or submitted to him without argument, all motions for new trials, injunctions, demurrers, and all other motions of any nature.

[4] OCGA § 9-11-12 (b) (6) provides:
> (b) **How defenses and objections presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing: . . .
> (6) Failure to state a claim upon which relief can be granted; . . .

[5] OCGA § 9-11-55 (a) provides:
> (a) **When case in default; opening as matter of right; judgment.** If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been

default judgment, and that Fein's status as counsel for a dismissed co-defendant did not entitle him to the relief sought in his mandamus petition.

Fein contends that the superior court erred in dismissing his petition because the automatic stay imposed by GMC's bankruptcy petition did not impair Judge Bessen from dismissing GMC from the *Chenault* action or issuing orders therein against the non-debtor defendants and because he has a clear legal right to the sought mandamus relief. But, it is unnecessary to address the effect, if any, of the bankruptcy proceeding on the scope of Judge Bessen's authority to act in the *Chenault* suit because the superior court correctly determined that Fein does not have standing to seek, much less demand, the judgments at issue, and therefore, he has no right as a matter of law to the requested mandamus relief.

This Court is to review the dismissal of a petition for failure to state a claim upon which relief may be granted de novo, and is to construe the challenged pleadings in the action most favorably for the party who filed them, resolving all doubts regarding such pleadings in favor of the filing party. *Sherman v. Fulton County Bd. of Assessors*, 288 Ga. 88, 89 (701 SE2d 472) (2010). Even doing so, Fein's mandamus petition, as amended, must fail.

Fein relies upon the Court of Appeals' decision in *Ford Motor Co. v. Young*, 322 Ga. App. 348 (745 SE2d 299) (2013), to show he has the legal right to the sought mandamus relief and standing to appeal the Order. *Ford Motor Co. v. Young* was an appeal by two out-of-state attorneys, who were admitted pro hac vice to serve as counsel for Ford Motor Company in a product liability wrongful death case in state court, from the *revocation* of their pro hac vice admissions because of found violations of the Georgia Rules of Professional Conduct during the pretrial discovery process. The product liability wrongful death

---

extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages. An action based upon open account shall not be considered one for unliquidated damages within the meaning of this Code section.

action was ultimately settled and dismissed, and the attorneys then filed the appeal from the order revoking their pro hac vice admissions. The Court of Appeals determined, inter alia, that the attorneys had standing to bring the appeal, and that the issues on appeal with regard to the *revocation* were not moot even though the underlying litigation had concluded. Id. at 352-353 (1) (a), (b). However, the issues in this appeal are significantly different, both procedurally and substantively.

To begin with, Fein's pro hac vice admission was never revoked. Rather, Judge Bessen merely placed some precautionary limitations on his continued representation; he was still permitted to participate as counsel for CTA in the lawsuit. But, even assuming arguendo, that *Ford Motor Co. v. Young* provides authority for Fein to appeal the Order, it in no manner authorizes, much less legitimizes, his present separate action seeking the extraordinary remedy of a writ of mandamus.

> Mandamus is an extraordinary remedy that is available only where a litigant seeks to require a public official to perform an act or fulfill a duty that is required by law and where there is no other specific legal remedy. OCGA § 9-6-20. A writ of mandamus should only be granted where there is a clear legal right to the relief being sought.

*Clayton County Bd. of Commrs. v. Murphy*, 297 Ga. 763, 764 (778 SE2d 193) (2015) (Citations and punctuation omitted.) There may also have been a gross abuse of the public official's discretion. *Voyles v. McKinney*, 283 Ga. 169, 170 (1) (657 SE2d 193) (2008). That is simply not the case here.

In his mandamus petition, Fein invokes the 90-day mandate of OCGA § 15-6-21 (b), and asserts that mandamus relief is warranted because Judge Bessen has "never issued any rulings on the [d]efault [m]otions."[6] It is certainly true that mandamus is an available remedy for violation of OCGA § 15-6-21 (b). See *Water Visions Intl. v. Tippett Clepper Assoc.*, 293 Ga. App. 285, 288 (3) (666 SE2d 628) (2008). However, by its very terms the statutory provision addresses

---

[6] Indeed, it appears that in July 2015, Judge Bessen issued an "Order Granting In Part Motion For Default Judgment As To Defendant Brown Tire Service" in which default judgment was granted as to Brown Tire's liability for plaintiffs' claims against it; however, resolution of the issue of unliquidated damages was reserved pending a hearing in the matter. Also, in September 2015, Judge Bessen issued an "Order Staying Motion For Default Judgment And Directing Parties to Bankruptcy Court" whereby plaintiffs' motion for, inter alia, default judgment was stayed pending ruling and direction by the bankruptcy court.

itself to the parties to the litigation and/or their counsel; indeed, the 90-day time frame can be extended if "counsel for the plaintiff and the defendant agree in writing" to do so. OCGA § 15-6-21 (b). As noted, Fein is not a direct party to the *Chenault* action and does not represent any of the remaining parties.[7]

Even assuming arguendo that Fein has standing to invoke the provisions of OCGA § 15-6-21 (b), that is not the end of the inquiry. As the superior court observed, it is a plaintiff who may be entitled to a default judgment under OCGA § 9-11-55 (a). Fein represented a defendant that had been dismissed with prejudice from the *Chenault* action, not the plaintiffs who filed the motions for default, nor the defendants who are argued to be in default. Inasmuch as Fein had no authority to bring the motions for default in regard to the remaining defendants, he certainly had no standing to move for the entry of a final judgment based upon such defaults. Simply, Fein cannot show a clear legal right to the rulings sought from Judge Bessen. Consequently, his petition for mandamus, as amended, fails as a matter of law.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Balch & Bingham, Michael J. Bowers, Christopher S. Anulewicz, Brooke W. Gram*, for appellant.

*Melody P. Bray, Kaye W. Burwell, Kristen B. Williams*, for appellee.

---

[7] It should also be noted that there is no allegation, much less any showing, in this appeal that Fein is a citizen/resident of or taxpayer in Fulton County. See *Brissey v. Ellison*, 272 Ga. 38, 39 (526 SE2d 851) (2000) ("a citizen/resident/taxpayer whose 'interest' is in having the laws executed and a public duty enforced may turn to the judicial branch to seek to compel or enjoin the actions of one who discharges public duties 'where the question is one of public right and the object is to procure the enforcement of a public duty' " (citation omitted)).