306 Ga. 698
FINAL COPY

S19A0784. COWEN v. CLAYTON COUNTY et al.

MELTON, Chief Justice.

Linda S. Cowen, a Clayton County State Court judge since December 1995, filed a petition for a writ of mandamus, in which she sought, among other things, over $120,000 in back pay from Clayton County and several of its county commissioners[1] for allegedly violating Ga. Const. of 1983, Art. VI, Sec. VII, Par. V ("All judges shall receive compensation and allowances as provided by law. . . . An incumbent's salary, allowance, or supplement shall not be decreased during the incumbent's term of office."). More specifically, Cowen claimed that the County had been improperly calculating her compensation under County Ordinance 30-4 (the "Supplemental Ordinance") and Local Law 2006 Ga. Laws 926 (Ga.

---

[1] For ease of reference, Clayton County and the commissioners will hereinafter be referred to collectively as "Clayton County" or the "County."

L. 2006, p. 4654) passed by the General Assembly (the "Local Law"),[2] which, she alleged, resulted in an illegal reduction in her overall compensation each year between 2007 and 2017. She also alleged that, when the County repealed the Supplemental Ordinance effective December 20, 2016, the County, once again, illegally reduced her compensation in violation of Ga. Const. of 1983, Art. VI, Sec. VII, Par. V.

The trial court rejected all of Cowen's claims, concluding in part that: (1) Cowen's mandamus action was barred by gross laches; (2) even if the mandamus action was not barred, it was subject to dismissal because mandamus was not an appropriate vehicle through which Cowen could seek her back pay; and (3) even if mandamus were an appropriate vehicle, the mandamus action was without merit.

Cowen appeals, and, for the reasons that follow, we conclude that (1) some, but not all, of Cowen's claims for back pay were time

---

[2] The exact language of these provisions will be addressed later in this opinion.

barred; and (2) the trial court erred in concluding that mandamus was not an appropriate vehicle here; but (3) the trial court properly denied the claim for mandamus. Accordingly, we affirm.

1. Cowen claims that the trial court erred when it determined that her mandamus action was barred by gross laches. In its order, the trial court concluded that, because Cowen waited until 2017 to file her mandamus action, which included some claims for back pay dating as far back as 2007, then all of her claims for back pay were barred by gross laches. As explained more fully below, this broad conclusion by the trial court was incorrect.

Because mandamus is a quasi-equitable remedy, such an action "can be barred by gross laches." (Citation omitted.) *Marsh v. Clarke County School Dist.*, 292 Ga. 28, 30 (732 SE2d 443) (2012); OCGA § 9-3-3 ("[C]ourts of equity may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights."). See also *West v. Fulton County*, 267 Ga. 456, 458 (1) n. 3 (479 SE2d 722) (1997) ("[M]andamus as a remedy may not lie where an

applicant is guilty of gross laches or has permitted an unreasonable period of time to elapse") (citation omitted). However, in reaching its conclusion that the action here was barred, the trial court ignored the two-year statute of limitation of OCGA § 9-3-22 that actually applies in this case. In this regard, OCGA § 9-3-22 provides in relevant part:

> [A]ll actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued.

See *City of Atlanta v. Adams*, 256 Ga. 620, 620-621 (351 SE2d 444) (1987) (two-year statute of limitation of OCGA § 9-3-22 applied to claims for back pay by firefighters who were paid pursuant to municipal ordinance). See also *Buskirk v. State of Ga.*, 267 Ga. 769 (2) (482 SE2d 286) (1997); *Milhollin v. Salomon Smith Barney, Inc.*, 272 Ga. App. 267 (1) (612 SE2d 72) (2005). This two-year statute of limitation applies to claims for the recovery of back pay where, as here, a public officer's compensation is fixed by law. See *Johnson v. Brooks*, 139 Ga. 787, 791 (78 SE 37) (1913) (public officer's

4

"compensation belongs to the office, and is an incident of his office, and he is entitled to it . . . because the law attaches it to the office") (citation and punctuation omitted).

Because it is undisputed that Cowen's compensation as a state court judge is determined by state law,[3] the Local Law, and the Supplemental Ordinance, and that her claims for back pay are rooted in the interpretation of these laws, Cowen's claims are subject to the two-year limitations period contained in OCGA § 9-3-22, and any claims for back pay that accrued more than two years before Cowen filed her mandamus action on October 6, 2017, are time barred.[4] See *Adams*, supra, 256 Ga. at 620.

---

[3] See OCGA § 15-7-22.

[4] Cowen makes no argument that the limitations period would somehow have been tolled for any reason in this case, and we reject Cowen's claim that her mandamus action was not subject to the two-year limitations period contained in OCGA § 9-3-22 because her claim was not for lost "wages," but for lost "compensation." This argument is without merit, as this Court has previously applied the two-year limitations period of OCGA § 9-3-22 to claims for back pay by salaried public employees who were not paid an hourly wage. *Adams*, supra, 256 Ga. at 620. See generally *Buskirk*, supra, 267 Ga. at 769 (applying two-year limitations period of OCGA § 9-3-22 to claims involving annual salary advances and referring to those salary advances as "wage increases"). Cf. OCGA § 48-7-100 (10) (For income tax purposes, "'[w]ages'"

That being said, while the claims that arose before October 6, 2015 would be barred by the applicable statute of limitation, this would not necessarily prevent Cowen from pursuing claims that were, in fact, timely raised within the applicable limitations period. See *Clover Realty Co. v. J. L. Todd Auction Co.*, 240 Ga. 124, 126 (4) (239 SE2d 682) (1977) ("Delay alone is never enough to show laches where there is an applicable statute of limitation."). And because the County has failed to show harm from any delay in the filing of claims that fell within the two-year limitations period,[5] Cowen was free to pursue her claims for back pay that arose on or after October 6, 2015. Accordingly, to the extent that the trial court determined that *all* of Cowen's claims were barred by gross laches, this ruling was in error.

2. Cowen next claims that the trial court erred by concluding that she could not petition the court for a writ of mandamus because

_____

means all remuneration paid including, but not limited to, the cash value of all remuneration paid in any medium other than cash.").

[5] We note that "[t]he doctrine of laches may bar an equity case *prior* to the running of the applicable statute of limitation." (Emphasis supplied.) *Clover Realty Co.*, supra, 240 Ga. at 126 (4). However, "to prevail on a plea of laches, it is essential that the pleading party prove *harm* caused him by the delay." (Emphasis supplied.) Id.

6

she was improperly attempting to undo the County's already completed acts of allegedly underpaying her. See, e.g., *Hilton Constr. Co., Inc. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 540 (4) (266 SE2d 157) (1980) ("Mandamus is not the proper remedy to compel the undoing of acts already done or the correction of wrongs already perpetrated . . . . [E]ven [where] the action taken [by the county] was clearly illegal," mandamus "is the remedy for inaction of a public official.") (citation and punctuation omitted).  We agree with Cowen that the trial court was once again incorrect.

This Court has held that actions for the recovery of compensation that, by law, one public official is required to pay to another, may be pursued through mandamus. See, e.g., *Lee v. Peach County Bd. of Commrs.*, 269 Ga. 380 (497 SE2d 562) (1998); *Best v. Maddox*, 185 Ga. 78 (194 SE 578) (1937). See also *Chatham County v. Massey*, 299 Ga. 595 (791 SE2d 85) (2016); *Inagawa v. Fayette County*, 291 Ga. 715 (732 SE2d 421) (2012); OCGA § 9-6-20 ("All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to

7

perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights[.]"). Contrary to the trial court's analysis, Cowen's mandamus action was not designed to "undo" the already completed acts of the County in supposedly underpaying her, but to *compel* the County to correct its *inaction* in failing to properly pay her under the laws that govern her compensation.

3. Because Cowen was able to pursue her timely claims for back pay through mandamus, we must address the propriety of the trial court's decision to deny the writ of mandamus with respect to those claims. In analyzing the trial court's decision, we bear in mind that

> [m]andamus is an extraordinary remedy that is available only where a litigant seeks to require a public official to perform an act or fulfill a duty that is required by law and where there is no other specific legal remedy. OCGA § 9-6-20. A writ of mandamus should only be granted where there is a clear legal right to the relief being sought . . . [or where] [t]here may . . . have been a gross abuse of the public official's discretion.

(Citations and punctuation omitted.) *Fein v. Bessen*, 300 Ga. 25, 29 (793 SE2d 76) (2016). Further, "[t]he duty which a mandamus

complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance." (Citation and punctuation omitted.) *Bland Farms, LLC v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 37) (2006). Thus, for the timely claims for back pay, we must determine (a) whether the County compensated Cowen consistent with the requirements of the applicable state statutory law, Local Law, and Supplemental Ordinance, and (b) even if it did, whether Cowen had a clear legal right to be paid more, notwithstanding these provisions, pursuant to the requirements of Ga. Const. of 1983, Art. VI, Sec. VII, Par. V.

(a) *Proper Calculation of Cowen's Compensation*

Pursuant to OCGA § 15-7-22, "[j]udges of the state courts shall be compensated from county funds as provided by local law. The county governing authority is authorized to supplement the compensation thus fixed to be paid to the judges of the state court of that county." Thus, Cowen's compensation was to be determined under the terms of the Local Law and Supplemental Ordinance

9

applicable to Clayton County state court judges. In interpreting the Local Law and the Supplemental Ordinance,

> we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). If the statutory text is "'clear and unambiguous,' we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." Id. at 173.

(Punctuation omitted.) *Major v. State*, 301 Ga. 147, 149-150 (1) (800 SE2d 348) (2017). See also *Sliney v. State*, 260 Ga. 167 (391 SE2d 114) (1990) (applying rules of statutory construction to county ordinance). With these principles in mind, we examine in turn each of the applicable rules that govern Cowen's compensation.

i. *The Local Law*

The relevant Local Law here provides:

Each judge of the State Court of Clayton County shall receive a salary in the amount of $134,018.00, plus 1½ percent of such base salary and any supplement received pursuant to state law or county ordinance multiplied by the number of complete years of service as judge served by such person since January 1, 2006.

Ga. L. 2006, p. 4654, § 1. By its plain terms, Cowen's base salary under the Local Law would consist of the base salary plus 1½ percent of that base salary multiplied by her number of years of service. If the initial base salary were specifically supplemented by a state law or county ordinance, that supplement would be included as part of the base salary for purposes of the 1½ percent multiplier to determine the judge's salary each year under the Local Law.

ii. *The Supplemental Ordinance*

Prior to its repeal on December 20, 2016, the Supplemental Ordinance stated in subsection (a):

> On the first day of July after taking office, the supplemental compensation [for state court judges in Clayton County] shall be such an amount so as to render the *total compensation* for the judges equal to a multiplier of 89 percent times the total compensation (base salary and supplement) of judges of the superior court of the county. On the first day of July and subsequent years of service, the *judges' total compensation* shall rise by an annual one-percent increase in the above-described multiplier to a maximum proportion of 95 percent.

(Emphasis supplied.) Clayton County Ordinance 30-4 (a). Cowen contends that the Supplemental Ordinance served as a

11

"supplement" that adds to her base salary under the Local Law for purposes of applying the multiplier that increased her salary each year. However, a plain reading of the text shows that the Supplemental Ordinance does not serve as a "supplement" to a judge's base salary as provided by the Local Law. Instead, it acts as an alternative means for calculating her *total compensation*. For a state court judge with Cowen's level of experience, the alternate Supplemental Ordinance method capped her total allowable compensation at 95 percent of the total compensation received by superior court judges in Clayton County.

This construction of the Supplemental Ordinance as an alternative means of calculating Cowen's total compensation is underscored in Subsection (c) of the Supplemental Ordinance, which provides:

> In the event the base salary for state court judges is established by general or local Georgia law, and such salary exceeds *the total compensation for judges as provided herein*, the base salary as established by general or local Georgia law shall control. *Any supplemental compensation, as heretofore provided, shall thereafter be adjusted or eliminated, as the case may be, to meet the*

12

*level of compensation as established herein or the base salary as established by general or local Georgia law, whichever amount is greater.*

(Emphasis supplied.) Clayton County Ordinance 30-4 (c). In other words, once Cowen's total compensation was calculated under both the Local Law and the Supplemental Ordinance, she would be paid the greater of the two as her total compensation. In no event do the calculations under the Supplemental Ordinance feed into the separate calculations made under the Local Law. Under the Local Law, a Clayton County state court judge's salary was calculated by starting with a base of $134,018 and increasing that amount each year by adding 1½ percent of that base salary multiplied by years of service. Under the Supplemental Ordinance, total compensation could be equal to 95 percent of the total compensation paid to superior court judges in the County. While the Supplemental Ordinance potentially capped total compensation at 95 percent of the compensation paid to superior court judges in the County, the Local Law contained no such cap, and a state court judge would be

13

paid the greater of the two amounts each year.[6]

iii. *2015 and 2016 Compensation*

As of October 6, 2015, Cowen's 2015 salary calculated pursuant to the Local Law was $152,110.43, which was greater than the $149,390.32 that she would have been paid under the terms of the Supplemental Ordinance.[7] So she was properly paid the greater amount between the Local Law and the Supplemental Ordinance.

In 2016, Cowen was paid $160,801.75, which was 95 percent of the total compensation paid to superior court judges in Clayton County at that time, and which was greater than the $154,120.70 that she would have been paid as calculated under the Local Law.[8] Accordingly, Cowen was, once again, compensated properly.

iv. *2017 Compensation*

---

[6] To the extent that Cowen argues that she was somehow entitled to an additional direct supplement to her income based on the provisions of OCGA § 15-6-29.1 (a), she is, once again, mistaken. By its plain terms, that statute provides for a supplement to be paid to "superior court" judges, not state court judges. Cowen is not a superior court judge.

[7] Cowen does not dispute that the County's calculations under the Supplemental Ordinance represented 95% of the total compensation of superior court judges in the County.

[8] The Clayton County superior court judges received a raise in 2016.

14

The County repealed the Supplemental Ordinance on December 20, 2016, meaning that, as of January 1, 2017, Cowen would be paid under the terms of the Local Law only. Under the terms of the Local Law, she was properly paid $156,130.97 in 2017.

(b) *Cowen Has No Clear Legal Right to Relief*

Cowen claims that she had a clear legal right to relief in this case because the manner in which the County paid her violated Ga. Const. of 1983, Art. VI, Sec. VII, Par. V. Cowen is incorrect.

Again, Ga. Const. of 1983, Art. VI, Sec. VII, Par. V provides in relevant part:

> All judges shall receive compensation and allowances as provided by law. . . . An incumbent's salary, allowance, or supplement shall not be decreased during the incumbent's term of office.

As noted above, in 2015 and 2016, Cowen was properly paid $152,110.43 and $160,801.75 for each of those respective years. She received all compensation and allowances as provided by law, and her salary did not decrease in any way during her term of office. In fact, her salary increased from 2015 to 2016. Accordingly, there was

no violation of Ga. Const. of 1983, Art. VI, Sec. VII, Par. V.

With respect to 2017, even though Cowen's overall compensation decreased after the Supplemental Ordinance was repealed, there was still no violation of the constitutional provision at issue because the decrease did not occur "during [Cowen's] term of office." Ga. Const. of 1983, Art. VI, Sec. VII, Par. V. The parties do not dispute that Cowen's term of office ended on December 31, 2016, and that she began a new term of office on January 1, 2017. See Ga. Const. of 1983, Art. VI, Sec. VII, Par. I (a) ("All . . . state court judges shall be elected on a nonpartisan basis for a term of four years. . . . The terms of all judges thus elected shall begin the next January 1 after their election."). See also *Pike County. v. Callaway-Ingram*, 292 Ga. 828, 831 (1) (742 SE2d 471) (2013) ("[A] 'term of office' is the 'statutorily-set, definite extent of time an elective office may be held'") (citation omitted). Because no reduction of Cowen's compensation occurred during her term of office, there can be no violation of Ga. Const. of 1983, Art. VI, Sec. VII, Par. V from the decrease in Cowen's compensation from 2016 to 2017. See, e.g.,

16

*Heiskell v. Roberts*, 295 Ga. 795 (2) (764 SE2d 368) (2014).

Consequently, Cowen has not shown a clear legal right to the mandamus relief that she sought, and the trial court correctly denied the petition for mandamus.[9]

*Judgment affirmed. All the Justices concur, except Blackwell and Ellington, JJ., who concur in judgment only in Divisions 1 and 2.*

---

[9] We also note that Cowen has not shown any basis for recovering attorney fees in this case. She cites to no authority to support the proposition that a state court judge seeking mandamus against a county for back pay is entitled to have the county pay her attorney fees. And, the authority that she does cite to has nothing to do with such a proposition.

DECIDED SEPTEMBER 3, 2019.

Mandamus. Clayton Superior Court. Before Judge Brantley, Senior Judge.

*Lindsey & Lacy, Richard P. Lindsey*, for appellant.

*Freeman Mathis & Gary, Jack R. Hancock, Arash A. Sabzevari*, for appellees.